Frederick Thomas JONES *v.* Brenda Faye JONES

85-90                                    696 S.W.2d 727

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Darrell F. Brown & Associates, P.A.* by: *Reginald A. Rogers*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Richard N. Moore, Jr.*, for appellee.

DAVID NEWBERN, Justice. This is an appeal of a criminal contempt citation. We reverse the chancellor's decision because we agree with the appellant's first point which is that the court erred in finding that the appellant wilfully disobeyed the court's order. We, therefore, need not address the appellant's second point which is that the sentence was excessive.

The appellant was first ordered to appear on December 3, 1984, and show cause why he should not be held in contempt for failure to abide by a court order entered in the divorce proceedings between the appellant and the appellee. No order finding the appellant in contempt resulted from that hearing.

The appellee again asked that the appellant be cited, and he was ordered to appear on January 7, 1985. At a hearing conducted on that date, the chancellor found the appellant in contempt for failure to make child support and house payments which had been ordered by the court. The chancellor sentenced the appellant to serve ten successive weekends in jail, the first to begin on January 11, 1985.

That contempt order was not signed, however, because at the conclusion of the hearing the appellant asked for a new trial on the matter and expressed dissatisfaction with his attorney. The chancellor gave the appellant until January 9, 1985, to obtain a new attorney, and a new hearing was set for the morning of January 11, 1985.

On January 10, 1985, the chancellor signed the contempt citation he had proposed on January 7. Added to the order was the chancellor's statement that the appellant was to have notified the attorney who had represented him of the name of his new attorney and the appellant's former attorney was to "notify the court." The order stated further that as the appellant had not obtained other counsel the hearing scheduled for January 11 was cancelled.

The appellant did not go to jail on January 11, and the

appellee moved again to have the appellant held in contempt. A hearing was held on January 25, 1985, at which the appellant testified he had, on January 8, 1985, obtained new counsel, and that he had been assured by an employee of his new lawyer that the court had been notified of the change in representation.

At this January 25 hearing an attorney in the new lawyer's office explained that one of their employees, who has since been admitted to the bar, notified the chancellor's case coordinator of the change in representation on January 9.

On the few matters made clear in the record before us is that on January 25, 1985, the appellant was sentenced to 120 days in jail, and that this sentence was not just for the previously found contumacious conduct. Rather, it was levied because the appellant had not told the chancellor who his new lawyer was and had not gone to jail on January 11 as he had been ordered to do in the order signed on January 10 which cancelled the January 11 hearing.

■ Nothing in the record disputes the testimony of the appellant and the statement of his counsel that notice "to the court," or at least to a court employee, was given on January 9, 1985, of the change in counsel and that the appellant's understanding was that he had complied with the court's order. Appellant's new counsel did not obtain an order entering his appearance of record in place of former counsel until February 4, 1985. That should have been done on January 9. If it had been done, the whole problem could have been avoided. However, this lapse on the part of counsel cannot be attributed to the appellant.

To buttress his determination, the chancellor recited the following into the record at the conclusion of the January 25 hearing:

> Now, the Court would like to make a statement for the record because I have a specific memory of this problem. It has been here so many times before Mr. Jones' face is very familiar. He did say at the end of the hearing, after I had found him in contempt, which I still find him in contempt, that he wanted a new lawyer. I gave him forty-eight hours to get a lawyer and we set a specific time on the court docket for a hearing. I asked Mr. Jones if he understood

that time. He said yes. I said, you get that lawyer and be here at that stated time. Now, I made that statement for the record.

Surely the court did not expect the appellant to show up with counsel at the January 11 hearing which he cancelled on January 10. The "time" the chancellor referred to must have been the January 9 deadline for getting a new lawyer. Again, there is nothing to contradict the evidence that the appellant thought he was in compliance. The chancellor may have meant that the appellant should have understood the "time" he was to report to the jail. The only evidence before us shows the appellant had gotten a new lawyer, and he thought he had gotten a new trial of his contempt conviction. It was reasonable for him not to report to the jail on January 11. At least we cannot say there is sufficient evidence to show his failure to do so was wilful contempt.

The citation was for criminal contempt. It was meant to punish the appellant for disobedience. When we review such an order we entertain a challenge to the sufficiency of the evidence as we would in other criminal cases. The question raised is whether the evidence, given its full probative force, is sufficient to sustain the conviction. *Dennison* v. *Mobley*, 257 Ark. 216, 515 S.W.2d 215 (1974). When we find the evidence is not sufficient, we will not allow the conviction to stand. *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984). *See also Whorton* v. *Gaspard*, 240 Ark. 325, 399 S.W.2d 680 (1966), where we found the evidence was insufficient to support a citation for contempt of this court.

We hasten to add that nothing in this opinion is meant to say that the contempt found to have existed on January 7 and earlier was not supported by evidence then before the chancellor. Therefore, we remand the case for the chancellor's consideration of the disposition of those previous findings.

Reversed and remanded.

HAYS, J., dissents.

PURTLE, J., not participating.

STEELE HAYS, Justice, dissenting. I interpret the proceedings of January 7 as giving the appellant an opportunity to obtain other counsel for a hearing to be held on January 11. He was

ordered to appear on the 11th and to notify the court by the 10th that other counsel had been obtained. He did neither.

While it might be possible, under the circumstances, to excuse him for the failure to communicate to the court by the 10th, the fact that neither he nor his lawyer appeared on the 11th, as ordered, nor indeed until a new contempt citation was issued, provides a convincing measure of the appellant's disdain for the orders of the Chancellor. I would affirm.