Frank N. ALFRED, David Andrew, Agnes Chief, Robert Fox, Paul J. Gregory, Jr., Wassillie L. Gregory, Joseph A. Larson, Nicolai M. Nicolai, Elia Tinker, Wassillie Waska, Jimmy J. Tony, Appellants,

v.

STATE of Alaska, Appellee.

Nos. A–2239 to A–2248 and A–2263.

Court of Appeals of Alaska.

July 29, 1988.

Donald L. Surgeon, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellants.

---

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Frank N. Alfred and the other appellants each pled no contest to separate misdemeanor offenses in Bethel District Court.[1] Magistrate Craig R. McMahon ordered, as one of the conditions of probation, each appellant to contact the Bethel Alcohol Safety Action Program (BASAP) by a specified date and to follow the recommendations of the BASAP counselors. When each appellant failed to comply with this condition, the state declined to initiate probation revocation proceedings. Magistrate McMahon then *sua sponte* initiated contempt proceedings and found each appellant to be in criminal contempt of court for failure to comply with this condition of probation. On appeal, appellants challenge the court's authority to hold them in contempt for a probation violation. We reverse.

 There certainly may be circumstances when it would be appropriate for a court to find a person in contempt for violating an order to contact an alcohol rehabilitation agency.[2] Normally, however, the sanction for violation of a condition of probation is revocation of probation. In *Brown v. State*, 559 P.2d 107 (Alaska 1977), the Alaska Supreme Court noted that a defendant who receives a suspended imposition of sentence and is placed on probation has two alternatives. The defendant may elect to accept the conditions of probation or he may choose to reject the probation conditions and receive the suspended term:

> The statutes concerning probation contain no provision as to its acceptance or rejection. However, it is settled that a defendant has the right to refuse probation, for its conditions may appear to the defendant more onerous than the sentence which might be imposed.

*Id.* at 111 n. 13 (quoting *In re Osslo*, 51 Cal.2d 371, 334 P.2d 1, 8 (1958)). *See also* 4 C. Torcia, *Wharton's Criminal Procedure*, § 614 (12th ed. 1976); *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329, 1330 (1977); *State v. Randolph*, 316 N.W.2d 508, 510 (Minn.1982); *State v. Jackson*, 272 N.W.2d 102, 104 (S.D.1978). *Brown* implies that a defendant, who violates a condition of probation, is to be sanctioned only by revocation of that probation. We therefore conclude that the court may not invoke its contempt power to punish a defendant for a probation violation, at least when the defendant has not been warned of this possibility.

The majority of authorities are apparently in agreement with this view. Our re-

---

1. Frank N. Alfred, David Andrew, Agnes Chief, Robert Fox, Joseph A. Larson, Wassillie Waska, and Jimmy J. Tony pled no contest to driving while intoxicated. AS 28.35.030(a)(1). Andrew and Fox also pled no contest to driving while license suspended. AS 28.15.291. Waska also pled no contest to unlawfully possessing or consuming alcohol. AS 04.16.050. Paul J. Gregory, Jr., pled no contest to misconduct involving weapons in the second degree for recklessly discharging a firearm. AS 11.61.210(a)(1), (3). Wassillie L. Gregory pled no contest to a charge of assault in the fourth degree for threatening someone with a knife. AS 11.41.230(a)(3). Nicolai M. Nicolai pled no contest to assault in the fourth degree for kicking someone in the face and back. AS 11.41.230(a)(1). Elia Tinker pled no contest to criminal trespass in the first degree for unlawfully entering a house and stealing liquor. AS 11.46.320(a)(2).

2. Alaska Statute 09.50.010(5) defines contempt of the authority of the court as "disobedience of a lawful judgment, order, or process of the court," and AS 28.35.030(c) requires the court to direct a defendant convicted of driving while intoxicated to attend alcohol screening as a condition of probation:

 > In addition [to a minimum term of imprisonment and revocation of driver's license], *the court shall order, and a person convicted under this section shall undertake, for a term specified by the court, that program of alcohol education or rehabilitation* that the court, after consideration of any information compiled under (d) of this section, finds appropriate. (Emphasis added).

search reveals only one jurisdiction that permits a court to invoke its contempt power as a sanction for a violation of a probation condition. In *People v. Patrick*, 83 Ill.App.3d 951, 39 Ill.Dec. 451, 404 N.E.2d 1042 (1980), the defendant pled guilty to unlawful delivery of a controlled substance and received a probationary sentence of four years. When the defendant failed to report to the probation officer assigned to him, in violation of one of the conditions, the state filed a petition to revoke his probation. The court found the defendant to be in contempt of court for the violation, and sentenced him to thirty days' imprisonment. *Id.* 39 Ill.Dec. at 452, 404 N.E.2d at 1043.

The court in *Patrick* upheld the trial court's use of the contempt proceedings. The court noted that it had previously approved contempt as a sanction for a violation of the terms of periodic imprisonment; that prior to 1964, the Illinois statutes provided that contempt of court was the only sanction permissible for a violation of a condition of probation; and that the 1973 commentary to the probation statutes stated that "the court retains the sanctions of criminal contempt and fining the offender for violating the conditions of probation." *Id.* 39 Ill.Dec. at 453, 404 N.E.2d at 1044. The court concluded that the trial court's inherent contempt power, coupled with the language of the commentary, granted the trial court the power to punish probation violations with contempt. *Id.* The Illinois appellate courts have also upheld the use of contempt proceedings to punish probation violations in subsequent cases. *See, e.g., People v. Mowery*, 116 Ill.App.3d 695, 72 Ill.Dec. 238, 452 N.E.2d 363, 368 (1983).

We decline to adopt the procedure upheld by the Illinois court. The actions by the Illinois court were based, in part, on the language of the commentary and the fact that, at one time, the Illinois statutes authorized the use of the contempt proceeding as a sanction for a probation violation. There appears to be no such analogous commentary or legislative history in Alaska. Moreover, Illinois appears to be the only jurisdiction to have adopted such an unusual procedure.

We have a fairness concern here as well. We recognize that the sentencing judge generally informs each defendant who receives a suspended sentence that the suspended term, or a portion thereof, may be imposed at a probation revocation hearing. When a defendant violates a condition of probation, we believe that fairness requires that the court adhere to the terms of its agreement, and conduct a probation revocation hearing, not a contempt hearing. Accordingly, we conclude that the court erred when it initiated the contempt proceeding.

The contempt convictions are REVERSED and this case is REMANDED for proceedings consistent with this opinion.