THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL K. BOUCHER, Defendant-Appellant.

Second District   No. 2—87—0708

Opinion filed February 23, 1989.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, Michael K. Boucher, appeals from his conviction of criminal contempt of court and sentence to jail. In August 1986 defendant had pleaded guilty to forgery and was sentenced to 30 months of probation, 90 days' work release, 130 hours' public service work, restitution, and payment of a fine. In May 1987 a petition to revoke his probation was filed by the State's Attorney which alleged that defendant had violated the conditions of his probation by failing to report to his probation officer and perform the ordered public service work, and by willfully failing to pay the fine and restitution. At a hearing held on the petition to revoke probation, defendant admitted the allegations in the petition. The trial court found that defendant willfully violated the terms of his probation and indicated that he was going to order that defendant be incarcerated for 60 days, with credit for time served during this period of incarceration, in addition to his original term of probation. Arguments ensued between the State and defendant's counsel as to whether defendant was entitled to credit for time spent in custody on the original forgery charge. The trial court then determined that a more appropriate disposition of the matter would be to find defendant in contempt of court for violating the conditions of his probation; the judge did so and sentenced defendant to 30 days' incarceration in the Du Page County jail as a sanction. The court's order did not provide a means by which defendant could purge himself of contempt.

Defense counsel objected to this procedure on the ground no petition for a rule to show cause had been filed, and the trial court determined, based on the holding in *People v. Patrick* (1980), 83 Ill. App. 3d 951, 404 N.E.2d 1042, that none was required. Defendant moved to withdraw his stipulation to the probation violations, raising issues concerning credit for time served, which the court denied.

Defendant appeals, contending that: (1) his motion to withdraw his stipulation to the probation violations should have been

granted because he did so under a misapprehension of the State's burden of proof, and (2) the holding in *People v. Patrick* is no longer the law. These arguments were not presented to the trial court and, having been raised for the first time on appeal, they are subject to waiver. However, the waiver rule operates as a limitation on the litigant, not on the court, and a reviewing court may disregard the waiver rule in order to reach a just result (*People v. Hoskins* (1984), 101 Ill. 2d 209, 219, 461 N.E.2d 941), and we do so here.

Defendant contends first that he should have been allowed to withdraw his stipulation to the probation violations because at the time of his stipulation, the State's burden of proof under the pending petition to revoke probation was by a preponderance of the evidence. Defendant argues that the elevation of the burden of proof to beyond a reasonable doubt by the court's substitution of the contempt charge meant that defendant made his admissions under a misapprehension of the burden of proof applicable. In support of his argument defendant cites *People v. Braje* (1985), 130 Ill. App. 3d 1054, 1065, 474 N.E.2d 1364, which held that a defendant should be permitted to withdraw a guilty plea where he shows that he pleaded guilty based upon either a misapprehension of the law or facts.

■■ While we do not consider this issue because defendant has not cited authority pertinent to probation revocation proceedings, we do note that a probation revocation has been upheld over a defendant's objection that he was not advised of the State's burden of proof. *People v. Beard* (1974), 59 Ill. 2d 220, 223-27, 319 N.E.2d 745.

Defendant next contends that in *People v. Mowery* (1983), 116 Ill. App. 3d 695, 452 N.E.2d 363, the court tacitly concurred with the specially concurring opinion in *People v. Patrick,* where Justice Trapp stated that "an alleged violation of a condition of probation must be prosecuted as provided by the Unified Code of Corrections and not by means of contempt of court." (*People v. Patrick* (1980), 83 Ill. App. 3d 951, 957, 404 N.E.2d 1042 (Trapp, J., concurring).) While we do not agree with defendant's analysis of *Mowery,* we do conclude that the trial court erred when it found defendant in contempt of court based upon the State's petition to revoke probation before it.

We note that the trial judge did find defendant in contempt based on his failure to pay fines, court costs and restitution ordered by the court. Because of our disposition of this case, we need not here determine whether defendant's failure to obey these orders was indirect civil or criminal contempt. Compare *People v. Mowery* (1983), 116 Ill. App. 3d 695, 703, 452 N.E.2d 363 (where the defendant was sentenced for contempt of court for failing to pay costs and restitution,

and the order sentencing the defendant to jail did not provide a means of purging himself, court held that contempt was civil). *Contra People v. Mowery* (1983), 116 Ill. App. 3d 695, 705-06, 452 N.E.2d 363 (Miller, J., dissenting) (contempt may be treated as criminal as an alternative to the revocation of probation, or as civil contempt if the court's purpose is to induce the defendant to comply with the court's order of payment).

Contempt, in addition to being characterized as civil or criminal, is also classified as direct or indirect. Direct contempt arises from conduct in the presence of the court, or any constituent part of it, of which the judge has personal knowledge. (*In re Grand Jury Investigation of Swan* (1981), 92 Ill. App. 3d 856, 861, 415 N.E.2d 1354.) Indirect contempt occurs outside of the court's presence, and its proof is dependent upon evidence of which the judge has no personal, judicial notice. (*People v. Waldron* (1986), 114 Ill. 2d 295, 302, 500 N.E.2d 17.) Indirect contempt can be punished summarily as direct contempt, without notice, written charges, plea, issue, or trial, if the contemnor admits his contempt in open court. Only willful violations of a court order can constitute contempt, whether direct or indirect. (*In re Grand Jury Investigation of Swan* (1981), 92 Ill. App. 3d 856, 861, 415 N.E.2d 1354.) While defendant did admit the allegations of the petition to revoke probation that he willfully failed to pay the fine and restitution, we do not consider that he stipulated that his failure to report to his probation officer or to perform public service work was willful. Thus, his conduct cannot be summarily punished as direct contempt, and defendant must be afforded the procedural safeguards applicable to indirect criminal contempt.

In a proceeding to punish for indirect contempt, the alleged contemnor must be: (1) informed of the charges against him by information, notice, citation, or rule to show cause; (2) allowed to file an answer to the charges; (3) afforded a full hearing thereon; and (4) allowed a jury trial in serious cases. (*People v. Javaras* (1972), 51 Ill. 2d 296, 300, 281 N.E.2d 670.) While the petition to revoke his probation did inform defendant of the charged violations, and there is authority that defendant need not be directly informed that he can be held in contempt of court for those violations (see *People v. Patrick* (1980), 83 Ill. App. 3d 951, 954-55, 404 N.E.2d 1042), we find the holding in *People v. Waldron* (1986), 114 Ill. 2d 295, 500 N.E.2d 17, to be dispositive. There, the court found that due process requires that the alleged contemnor in an indirect criminal contempt proceeding be accorded notice and a fair hearing, which includes the requirement that he be advised of the possibility that he might be found in contempt.

*Waldron,* 114 Ill. 2d at 302-04; see also *People ex rel. Williams v. Williams* (1987), 156 Ill. App. 3d 438, 443, 509 N.E.2d 460 (the defendant who was held in indirect civil contempt was denied due process because he did not receive notice that the hearing concerned his alleged contempt).

In the present case, the defendant was not charged with contempt, nor did the petition to revoke his probation inform him that he might also be found in contempt of court. The petition to revoke his probation only informed defendant, as grounds, that he had failed to report to his probation officer and perform public service work; it did not charge him with a willful failure to comply with these conditions of his probation. We note too that defendant did not have an opportunity to answer to a charge of contempt, nor was he granted a hearing thereon.

Accordingly, the order finding defendant to be in contempt of court and imposing sentence is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN AND REINHARD, JJ., concur.