234 N.J. Super. 84 (1989)
560 A.2d 100
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
FRANK WILLIAMS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 31, 1989.
Decided June 22, 1989.
*85 Before Judges ANTELL, DREIER and BROCHIN.
John Kaye, Monmouth County Prosecutor, attorney for appellant (Mark P. Stalford, Assistant Prosecutor, of counsel and on the letter brief).
G. Patrick Predham, attorney for respondent (G. Patrick Predham, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
*86 The State appeals from a 1988 Law Division order granting defendant's motion to vacate a guilty verdict which convicted defendant of the fourth degree crime of contempt of court.[1]
More than a year earlier, between February and May of 1987, defendant had been charged in three other indictments (# XX-XX-XXXX, # XX-XX-XXXX, and # XX-XX-XXXX) with four counts of contempt of court (counts 1 and 2 of the first indictment, as well as count 1 of the second and third indictments (N.J.S.A. 2C:29-9)) and one count of interference with custody (N.J.S.A. 2C:13-4a). He pled guilty to three of the four contempt charges and to the interference with custody charge. The charges were brought after his ex-wife, her boyfriend, and her boyfriend's sister filed complaints against the defendant stating that he was harassing them with threatening phone calls.
In a written order on October 16, 1987, defendant was sentenced pursuant to a plea bargain to three years probation and time served (120 days). The judge fined defendant $400, charged him $14 court costs, and ordered him to pay a Violent Crime Compensation Board penalty of $120. He also dismissed the one count of contempt of court to which the defendant had not pled guilty. After assessing the fine, costs, and penalty, the judge added "the following, special conditions":
1. The defendant is not to contact by phone, letter or in person, Alfred, Gregory or Mrs. Perier, Monroe Boyce and Mrs. Sidorski.
The judge did not add any other special conditions, and the record does not reveal who Alfred or Gregory are. Boyce is the live-in boyfriend of Mrs. Sidorski, and she, in turn, is the defendant's ex-wife. "Mrs. Perier" is actually Annette Puryear, the boyfriend's sister.
*87 Sometime between October 17, 1987 and July, 1988 defendant missed at least one reporting date with his probation officer. When he finally did report, he was incarcerated for missing these appointments and charged with violation of probation. Due to the frustratingly inadequate record and briefs presented for review on this appeal, it is not possible to determine when he finally reported, and therefore when he became imprisoned. The State asserts, however (and the defendant does not deny), that at the beginning of this period, from October 17 to November 24, 1987, the defendant again had made harassing telephone calls to the complaining witnesses.
In February 1988, defendant was again indicted, this time on three more counts of contempt of court (N.J.S.A. 2C:29-9) and two counts of terroristic threats (N.J.S.A. 2C:12-3a), presumably for the harassing phone calls to his ex-wife, her boyfriend, and his sister between October and November of 1987. The indictment charged that the calls to the complaining witnesses constituted both contempts of court under N.J.S.A. 2C:29-9 and terroristic threats under N.J.S.A. 2C:12-3. The defendant's motions to have the charges dismissed and merged, to have his bail reduced, to receive a bill of particulars, to receive the grand jury minutes, to be transferred to an alcohol rehabilitation facility, and to dismiss the indictment were successively denied.
On July 15, 1988 defendant pled guilty to violation of probation. It cannot be determined from this record whether his violation was for not reporting to his probation officer or for renewing the harassing phone calls. He was sentenced to nine months in jail and given credit for 281 days (nine months plus 11 days), which again apparently equaled the time he had served since reporting to his probation officer in November 1987, plus the 120 days he had served prior to his trial in 1987.
Between September 13 and 20, 1988 defendant was tried by a jury on the charges in the February 1988 indictment. The judge dismissed one of the terroristic threats counts, and the jury found the defendant not guilty of the remaining terroristic threats count and one of the contempts of court. It did, *88 however, convict defendant of contempt of court (counts three and five). After trial, defendant first moved for dismissal of the counts on which he had been convicted, and then moved to dismiss the convictions. After hearing arguments on December 22, 1988, the judge granted the defendant's motion.
On this appeal the State raises four issues:
POINT I.
The State should be granted leave to appeal Judge O'Hagan's decision pursuant to R. 2:5-6(a).
POINT II.
The sentence imposed by Judge Ricciardi and conditions therein constitute a court order.
POINT III.
Violation of a condition imposed under a sentence constitutes a distinct and separate offense.
POINT IV.
The verdict of the jury was proper.
The defendant also raises four issues:
POINT I.
The trial court permitted a dispositive legal question to be raised during trial, contrary to the mandate of R. 3:10-3, and the State is precluded from appealing same because of double jeopardy considerations.
POINT II.
The R. 3:10-3 issue examined in Point I is made fatal by the jury instructions.
POINT III.
The defendant has been sentenced for the offenses previously.
POINT IV.
Defendant's violation of probation is not a contempt of court.
In view of our determination of the State's appeal, the issues raised by defendant need not be discussed.
In his written sentencing opinion on October 16, 1987 the original trial judge explicitly used the word "condition" to describe his directive that the defendant not contact any of the complaining witnesses. The directive was entered solely as a condition to probation. In the order which the State is appealing, the later trial judge stated that he dismissed the guilty verdicts and rejected the charges of the indictment because "[t]he defendant may not be charged now with an entirely new offense of violating the special conditions of probation [not calling the complaining witnesses] when that conduct in and of *89 itself is not inherently violative of the law." The State disagrees, and argues on this appeal that the sentence of probation imposed on October 16, 1987 was a court order, and "any special conditions imposed as part of [that] sentence are likewise part of a judicial order." In response the defendant argues that conditions of probation are not considered court orders, and therefore violations of such conditions are not subject to contempt of court charges.
Contempts of court may be punished criminally, after indictment, as a fourth degree crime.[2]N.J.S.A. 2C:29-9 provides:
a. A person is guilty of a crime of the fourth degree if he purposely or knowingly disobeys a judicial order or hinders, obstructs or impedes the effectuation of a judicial order or the exercise of jurisdiction over any person, thing or controversy by a court, administrative body or investigative entity.
The probation statute, N.J.S.A. 2C:45-1, governs the imposition of a probationary term:
2C:45-1. Conditions of suspension or probation.
a. When the court suspends the imposition of sentence on a person who has been convicted of an offense or sentences him to be placed on probation, it shall attach such reasonable conditions, authorized by this section, as it deems necessary to insure that he will lead a law-abiding life or is likely to assist him to do so. These conditions may be set forth in a set of standardized conditions promulgated by the county probation department and approved by the court.
b. The court, as a condition of its order, may require the defendant:
* * *
(12) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.
As its most persuasive point, the State argues that the Legislature "considers a sentence, as well as conditions under that sentence, as being ... a court order." For examples, the State cites N.J.S.A. 2C:45-1c, -2c and -3a(2), "Conditions of suspension or probation," which allow the defendant to be *90 "relieved of any obligations imposed by the order of the court," give examples of "additional condition[s] of [a court's] order," and discuss "a requirement imposed as a condition of the order...." [Emphasis added]. The State concludes that "a sentence and conditions imposed under that sentence should [be] interpreted as being a court order ..." and that "the defendant's actions which were in violation of that condition constituted a violation of a court order," thus a proper subject for a contempt indictment. [Emphasis in original].
The trial judge described the State's argument as "novel," and so it is. None of the reported New Jersey cases on violations of conditions of probation treat a violation of a condition of probation as a contempt of court. See e.g., State v. Molina, 114 N.J. 181 (1989); State v. Baylass, 114 N.J. 169 (1989); State v. Ryan, 86 N.J. 1 (1981) cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981); State v. Clay, 230 N.J. Super. 509 (App.Div. 1989); State v. Reyes, 207 N.J. Super. 126 (App.Div. 1986) certif. den. 103 N.J. 499 (1986). Instead, all consider such a violation to be no more than a breach of a condition, giving rise only to a violation of probation hearing.[3]
The probation statute establishes the authority of the court as part of a sentencing proceeding. We read the requirements placed upon the defendant as statutory conditions to the order permitting defendant to be on probation rather than independent directions to a defendant. Also, the consequence of a violation of a condition is specified in the statute. The violation justifies the revocation of probation. N.J.S.A. 2C:45-3a provides:
(4) The court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order ... may *91 revoke the ... probation and sentence or resentence the defendant, as provided in this section....
We therefore draw a distinction between an order directed to a defendant or another to do or refrain from doing a particular act (the violation of which could be the basis of a contempt of court citation by a judge or indictment by a grand jury), and a conditional order which either states the ramifications of its violation or has such consequences established by law. This distinction was recognized in an analogous bail-bond case. In United States v. Hall, 198 F.2d 726 (2d Cir.1952), cert. den. 345 U.S. 905, 73 S.Ct. 641, 97 L.Ed. 1341 (1953), the defendant was charged with criminal contempt of court for being outside the jurisdiction of the court, and for violating an order requiring him to surrender. The court ruled that the defendant could not be held in contempt for violating the order to remain in the jurisdiction (a condition of the bond which provided its own remedy), but could be held in contempt for not surrendering. 198 F.2d at 731.
Contempt of court should not be superimposed as an additional remedy in a probation violation setting if the act that occasions the violation itself is not otherwise criminal. The merit of such an analysis can be demonstrated by reference to a situation where a defendant violates the implied condition of remaining law-abiding. If the State is correct, a defendant who later commits even a disorderly persons offense would be subject not only to the violation of probation and the punishment for the disorderly persons offense, but he could also be indicted for the fourth degree crime of contempt of court. Assuming that on double jeopardy grounds the State would be required to choose between prosecution for the offense or the contempt (in addition to the violation of probation), such a rule would effectively raise all disorderly persons offenses to fourth degree crimes for a defendant on probation, and furthermore *92 would even criminalize non-criminal acts beyond the effect such acts would have as violations of the initial probation order.
There does not appear to be any majority out-of-state rule on this issue. Rather, the states which have considered it have come to three different conclusions. If a defendant violates a condition of his probation, Illinois case law states that he may be charged with contempt of court. People v. Boucher, 179 Ill. App.3d 832, 834, 128 Ill.Dec. 842, 844, 535 N.E.2d 56, 58 (1989); People v. Patrick, 83 Ill. App.3d 951, 953, 39 Ill.Dec. 451, 453, 404 N.E.2d 1042, 1044 (1980); People v. Cook, 53 Ill. App.2d 454, 202 N.E.2d 674, 675 (1964). An explanation for this rule may be that prior to 1963, the effective date of Illinois' current Code of Criminal Procedure, "contempt of court was the only sanction permissible" for violations of conditions of probation. Patrick, 39 Ill.Dec. at 453, 404 N.E.2d at 1044. Maryland case law is directly in opposition to that of Illinois. In Maryland the defendant can be charged only with violation of his probation order, not contempt. Williams v. State, 72 Md. App. 233, 528 A.2d 507, 508 (1987). Tennessee has taken a middle ground, allowing the sentencing judge to choose either punishment, State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981), and Alaska allows a court to use its contempt power in such a situation only if the defendant had notice, prior to violating the probation condition, that such a violation could result in a contempt of court charge. Alfred v. State, 758 P.2d 130, 132 (Alaska Ct. App. 1988).
In Williams, the Maryland court reviewed Maryland authority stating the foundations for the probation order and then explained:
[w]hen a probationer violates a condition of his probation, he is not subject to an additional punishment for that violation; but rather to the forfeiture of his conditional exemption from punishment for the original crime. Because probation involves a conditional exemption from punishment, rather than a part of the penalty, a court may condition probation upon acts or omissions which it otherwise lacks the authority to impose. [528 A.2d at 508; footnote and citations omitted].
We accept the Maryland approach as expressed in Williams. It reflects a view of a violation of probation similar *93 to that expressed by our Supreme Court in State v. Molina and State v. Baylass, supra. We do not believe that when the Legislature expressly stated in N.J.S.A. 2C:45-3a(4) that the sanction for a violation of probation (other than for the inherent criminality of the act) would be a revocation of probation, it intended that a defendant would be subject to a new indictment for contempt in addition to the punishment for the original offense.[4]
The other points raised by the State and defendant are effectively rendered moot by this analysis.
Affirmed.
NOTES
[1] This appeal is by leave granted to the State. Although the State successfully moved for leave to appeal, the granting by the trial court of defendant's motion under R. 3:19-1 in effect precluded any retrial. The order therefore was a final one, justifying an appeal as of right. R. 2:3-1(b)(3).
[2] Contempts of court can also be initiated by the judge under R. 1:10-1 (contempt in the face of the court to be tried summarily before the judge who initiated the contempt), or under R. 1:10-2 through 4 (contempts to be heard before another judge and prosecuted by the prosecutor, Attorney General or someone specially appointed).
[3] But cf. State v. Leary, 232 N.J. Super. 358 (Law Div. 1989) where violation of an alcoholic counselling condition of a DWI sentence was viewed as a judicial contempt. The court there set aside the sentence, but first noted that the failure to comply with the court order constituted a basis for a contempt hearing. The statute there interpreted, N.J.S.A. 39:4-50(a) and (b), contains its own penalties for failure to satisfy the statutory conditions, the terms of which are in the nature of a contempt hearing, but are technically merely a resentencing.
[4] This is not to say, however, that a defendant who is under a specific court direction other than one entered as a probation condition cannot be indicted under N.J.S.A. 2C:29-9a. The same may be true if a third party also "hinders, obstructs or impedes" the probation order or any other order of a court. N.J.S.A. 2C:29-9a. Furthermore, if the original court order which resulted in the first contempt convictions (prior to the probation) remains in effect, defendant might again be subject to a charge of being in contempt of that order as a result of his later conduct. That matter is not before us, however. Our ruling today is limited solely to the effect of a violation of a condition of probation.