Brian FINN *v.* STATE of Arkansas

CA CR 90-327 819 S.W.2d 25

Court of Appeals of Arkansas
En Banc
Opinion delivered November 13, 1991

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On March 8, 1989, Brian Finn pled guilty to forgery in the second degree and criminal mischief and received a suspended sentence. Appellant was ordered to pay restitution of $1,195.00 and $50.00 per month toward extradition costs and court costs.

In May, 1989, the state filed a petition to revoke appellant's suspended sentence and in June of 1989, Finn paid $135.00. He had paid nothing more by the time of the revocation hearing on August 15, 1990.

The trial court found Finn in contempt and sentenced him to thirty days in jail with twenty suspended. Appellant's sole argument on appeal is that the evidence was insufficient to support the court's judgment. Mr. Finn contends that the state did not establish that his failure to pay was inexcusable under Ark. Code Ann. § 5-4-309 (1987).

We hold that the evidence was amply sufficient to support the court's judgment. Even if Mr. Finn's testimony is fully credited, which the trial court was not obliged to do, it does not establish an excuse for nonpayment as a matter of law. Appellant paid nothing at all toward the restitution from June of 1990 through the date of the hearing in August, 1990. The picture that emerges from appellant's testimony is that, although he was employed and able to support his fiancee, he was waiting on an anticipated inheritance to pay off the ordered restitution. We hold that the evidence was sufficient to support the judgment of the trial court.

A search of the record discloses several possible errors, which the dissent believes warrant reversal. None of these issues were brought to the attention of the trial court and both the supreme court and this court have frequently said that we do not address issues raised for the first time on appeal. *See e.g., Harbour* v. *State*, 305 Ark. 316, 807 S.W.2d 663 (1991); *L&S*

*Concrete Co.* v. *Bibler Brothers*, 34 Ark. App. 181, 807 S.W.2d 50 (1991). Even issues of constitutional dimension are waived unless raised in the trial court. *See Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991). We do not have a "plain error" rule in Arkansas. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Not only was there a failure to raise these issues in the trial court, they are not raised here on appeal. "No citation of authority is necessary in saying that, aside from jurisdiction, we do not reverse cases on theories not presented by appellant to either the trial court or this court." *Arkansas Kraft Corp.* v. *Johnson*, 257 Ark. 629, 519 S.W.2d 74 (1975).

 It is contended that appellant's sentence of ten days[1] in jail for contempt is an "illegal sentence". As the dissent correctly states, an "illegal sentence" in this context means one that is "illegal on its face". *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Whether or not it was error for the trial court to hold Finn in contempt of court, a sentence to ten days for criminal contempt is manifestly not illegal on its face; i.e., the sentence is well within the range of punishment the trial court was authorized to impose for criminal contempt. *See Blanks* v. *State*, 300 Ark. 398, 779 S.W.2d 168 (1989); *Delph* v. *State*, 300 Ark. 492, 780 S.W.2d 527 (1989).

Because the issues raised by the dissent were not raised by the defendant, we decline to address them.

Affirmed.

COOPER and MAYFIELD, dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to affirm the judgment entered by the trial court in this case because the state filed a petition to revoke the appellant's suspended sentence, but instead of acting upon the petition to revoke, the court held the appellant in contempt and sentenced him to thirty days in the county jail. I think this was an illegal sentence. In

---

[1] The trial court sentenced Finn to thirty days in jail with twenty suspended. This amounted to a remission as to the suspended term. *Smith* v. *Smith*, 28 Ark. App. 56, 770 S.W.2d 205 (1989).

*Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989), we said:

> Recently the Arkansas Supreme Court has reviewed cases involving illegal sentences despite the absence of an objection below. In those cases, the Court has compared the illegal sentence issue to one involving subject matter jurisdiction, which may be raised at any time. *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986). *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). We wish to emphasize that a circuit court acting in excess of its authority in sentencing is not a matter of subject matter jurisdiction. *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). However, when a court has imposed an illegal sentence on a defendant, then we will review it regardless of whether an objection was raised below. An illegal sentence is one which is illegal "on its face." *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986).

27 Ark. App. at 27.

The judgment appealed from in this case recites that the matter "comes on for hearing the Petition to Revoke the suspended sentence(s) imposed upon the Defendant," and after stating that the court has heard the evidence, the judgment states that "the Defendant is found in contempt of court." Thus, the judgment, in my view, is illegal "on its face." Moreover, in the statement of the case on the first page of appellant's brief it is stated that a petition was filed to revoke appellant's suspended sentence and the court found him in contempt. Although the appellant's brief only argues the sufficiency of the evidence, under the authority of the cases cited above it is proper to review the legality of the trial court's judgment.

I start with the obvious. Act 280 of 1975 enacted into law the "Arkansas Criminal Code." *See* Ark. Code Ann. § 5-1-101 (1987). It provided that the provisions of the Code "shall govern the prosecution for any offense defined by the Code and committed after January 1, 1976." *See* Ark. Code Ann. § 5-1-103. The Code also provides a method for the revocation of a suspended sentence rendered by a court under the Code. *See* Ark. Code Ann. § 5-4-309. On March 8, 1989, the appellant in this case pleaded guilty to forgery in the second degree and to criminal mischief. The trial court withheld imposition of sentence for a period of one

year conditioned upon good behavior and the payment of restitution and costs. This was an order authorized under the Arkansas Criminal Code. Subsequently, a petition to revoke the suspended imposition of sentence was filed; however, instead of acting on that petition, the court held the appellant in contempt. Provisions of the Arkansas Criminal Code regulate the filing, hearing, and action that can be taken on petitions to revoke suspended imposition of sentences. *See, e.g., Palmer* v. *State*, 31 Ark. App. 97, 788 S.W.2d 248 (1990). Holding a defendant in contempt of court on a petition to revoke is not an action that a court is authorized to take under the Code. Therefore, very simply, the court's action in this case was illegal.

This matter has been considered by other courts, although not extensively. In *Alfred* v. *State* 758 P.2d 130 (Alaska App. 1988), the court relied upon a decision by the supreme court of that state and held:

> We therefore conclude that the court may not invoke its contempt power to punish a defendant for a probation violation, at least when the defendant has not been warned of this possibility.

The court recognized that *People* v. *Patrick*, 83 Ill. App. 3d 951, 404 N.E.2d 1042 (1980), had upheld the use of a court's contempt power to punish probation violations but said:

> We decline to adopt the procedure upheld by the Illinois court. The actions by the Illinois court were based, in part, on the language of the commentary and the fact that, at one time, the Illinois statutes authorized the use of the contempt proceeding as a sanction for a probation violation. There appears to be no such analogous commentary or legislative history in Alaska. Moreover, Illinois appears to be the only jurisdiction to have adopted such an unusual procedure.

> We have a fairness concern here as well. We recognize that the sentencing judge generally informs each defendant who received a suspended sentence that the suspended term, or a portion thereof, may be imposed at a probation revocation hearing. When a defendant violates a condition of probation, we believe that fairness requires that the

> court adhere to the terms of its agreement, and conduct a probation revocation hearing, not a contempt hearing. Accordingly, we conclude that the court erred when it initiated the contempt proceeding.

758 P.2d at 132.

This matter was also considered in *State* v. *Williams*, 560 A.2d 100 (N.J. Super. Ct. App. Div. 1989), where the opinion states that "the defendant argues that conditions of probation are not considered court orders, and therefore violations of such conditions are not subject to contempt of court charges. " *Id.* at 102. In agreeing with that argument, the court pointed out that a statute of that state provided that where a defendant inexcusably failed to comply with a substantial requirement imposed as a condition of probation the court could revoke the probation and resentence the defendant as provided in the statute. *Id.* at 103. However, the court said it did not believe the legislature intended that the sanction for a violation of probation (other than for the inherent criminality of the act) could be contempt of court in addition to punishment for the original offense. *Id.* at 104-05.

In the case of *Jones* v. *United States*, 560 A.2d 513 (D.C. 1989), the court said:

> Probation is a conditional exemption from more severe punishment. It is an act of grace. . . . When a probationer violates a condition of his probation, the only appropriate sanction is a withdrawal of previously afforded favorable treatment rather than the imposition of an additional penalty. Punishment for contempt is an additional and separate penalty.

*Id.* at 516. The court concluded that "the use of the contempt power is inappropriate in such a circumstance." *Id.* at 517.

A court in Maryland considered this matter in the case of *Williams* v. *State*, 528 A.2d 507 (Md. Ct. Spec. App. 1987), and discussed the difference between "an act ordered as part of the penalty for a crime and an act ordered as a condition of probation." Citing another Maryland case, it was pointed out that an order made "as a sentence" could be, under proper circumstances, enforced through contempt proceedings, but an order stated as a condition of probation could be enforced only

through the power to revoke the probation. The difference, the court said, was that the use of contempt power to enforce a condition, which has been imposed as part of a sentence, is used to implement the sentence, not to enhance it; whereas contempt power employed because there has been a failure to comply with · condition of probation "is equivalent to increasing, not merely implementing the suspended sentence." *Id.* at 509. This same distinction was made in the New Jersey case of *State of Williams, supra.*

In the instant case, the trial court entered two judgments withholding imposition of sentence for a period of one year. One judgment was entered on appellant's plea of guilty to the "reduced" charge of criminal mischief. That judgment recites that it was made on March 15, 1989, and contains the following language:

> IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND ADJUDGED that the Court withholds imposition of sentence for a period of one year conditioned on the Defendant's good behavior and other written terms and conditions as set out by the Court including the following:

> That the Defendant is to pay restitution in the amount of $1195.00 to The Sebastian County Prosecuting Attorney's Office, payable by May 8, 1989.

> That the Defendant is to pay court costs in the amount of $95.75 to The Sebastian County Sheriff's Office, payable at the rate of $50 per month beginning May 8, 1989, and on the same day each month thereafter until paid in full.

> That the Defendant is to pay extradition cost in the amount of $341.25, to the Sebastian County Prosecuting Attorney's Office, payable at the rate of $50 per month beginning May 8, 1989, and on the same day each month thereafter until paid in full.

> That the Defendant is hereby placed under the supervision of the Sebastian County Adult Probation officers for a period of one year and to follow the rules and regulations as set out by their office, this includes paying

the monthly probation supervision fee of $15.00 per month to the Sebastian County Sheriff's office.

This sentence is to run concurrent with the sentence imposed in CR 89-173.

The sentence in the CR 89-173 case, is a judgment which recites that it was made March 15, 1989, on the defendant's plea of guilty to forgery in the second degree, and it states:

[T]hat the court withholds imposition of sentence for a period of one year on condition of good behavior and other written terms and conditions as set out by the Court including the following:

That the Defendant is to pay the restitution, court cost and extradition cost as ordered in CR 85-504.

That the Defendant is placed on supervised court probation and to pay the monthly probation supervision fee as ordered in CR 88-504.

Thus, it seems clear that the trial court's order holding the appellant in contempt was based upon the violation of conditions imposed when the court withheld imposition of sentence for a period of one year. The Arkansas Criminal Code provides in Ark. Code Ann. § 5-4-104(a) that "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." Section 5-4-104 also contains specific provisions which allow the court to suspend imposition of sentence or place a defendant on probation in accordance with Ark. Code Ann. § 5-4-301—5-4-311. Section 5-4-303(a) provides that "if the court suspends imposition of sentence on a defendant or places him on probation, it shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life." And, as already pointed out, Ark. Code Ann. § 5-4-309 sets out the procedure for revocation of a suspended imposition of a sentence.

It is therefore my view that contempt of court is not an authorized sanction for the violation of a condition of a suspended imposition of sentence in a criminal case in Arkansas. So, I think the trial court's action in this case was illegal and should be reversed.

I would also point out that the judgment finding appellant in contempt of court and sentencing him to 30 days in the county jail was a definite and unconditional penalty and was criminal in nature. The distinction between criminal and civil contempt was explained in *Dennision* v. *Mobley*, 257 Ark. 216, 221, 515 S.W.2d 215 (1974), where the court said that civil contempt is used to enforce the rights of private parties who are in litigation, but the primary reason for the use of criminal contempt is the necessity for maintaining the dignity, integrity, and authority of, and respect toward, the courts. Criminal contempt is used as punishment for willful disobedience, *Jones* v. *Jones*, 287 Ark. 72, 75, 696 S.W.2d 727 (1985), and has been described as "an unconditional penalty" used to punish rather than to compel the doing of some act, *see Fitzhugh* v. *State*, 296 Ark. 137, 752 S.W.2d 275 (1988). The trial court in the present case made its finding "from a preponderance of the evidence." This is the standard in proceedings for civil contempt, but in criminal proceedings the proof must be "beyond a reasonable doubt." *Dennison, supra*, 257 Ark. at 221-22. *See also Ward* v. *Ward*, 273 Ark. 198, 202, 617 S.W.2d 364 (1981). Therefore, even if it were proper to use the trial court's contempt power in this case, the court erred in the standard of proof it required of the appellee.

Furthermore, in addition to sentencing appellant to 30 days in the county jail, the court also placed the appellant on "supervised court probation" for one year and provided that if appellant "fails to make the previously ordered restitution payments, he is to perform a total of 200 hours of community service work to be performed at the rate of 40 hours per month for each missed payment." This provision regarding restitution was clearly not authorized. Whether judged by the law governing revocation or the law governing contempt, appellant's failure to make restitution payments in the future would require some degree of willful or inexcusable conduct in order to merit sanction. But here, the appellant was not given a choice between restitution or community service; failure to make restitution, regardless of the reason, requires sanction.

In summary, I think the trial court's judgment was illegal because statutory law does not authorize the use of contempt for imposing sanctions for the violation of the conditions of a suspended sentence. Even if this were not prohibited by the

statutory law, the court's judgment suspending sentence would have to order or direct that the conditions be followed before the sanction of contempt could be used. Here, the conditions simply were not made orders of the court. They were made only conditions upon which the imposition of sentence was suspended. Moreover, I think the reasons for not using the sanction of contempt in revocation cases in this state are strong and sound. In the first place it is not needed. The case of *Palmer* v. *State, supra*, demonstrates the flexibility that our statutory system allows in the suspended imposition of sentences and the revocation of those suspensions. And the cases from other jurisdictions, cited above, reveal additional reasons that I need not reiterate. I would point out, however, that even in Illinois, where legislative acts have apparently authorized the use of contempt as a sanction for probation violations, the courts are greatly concerned that its use conform to the requirements of due process and fundamental fairness. *See People* v. *Boucher*, 179 Ill. App. 3d 832, 535 N.E.2d 56 (1989) (reversing judgment of contempt because the petition to revoke probation did not inform appellant that he might also be found in contempt); *People* v. *Mowery*, 116 Ill. App. 3d 695, 452 N.W.2d 363 (1983) (judgment of contempt reversed upon holding that "the record falls short of the due process and fundamental fairness to which [defendant] was entitled). I think it significant that the reasons given for reversing both of those cases are present in the instant case.

I dissent from the affirmance of this case, and am authorized to state that Judge Cooper joins in this dissent.