Ann ELLIS *v.* STATE of Arkansas

CA CR 91-41                                    821 S.W.2d 56

Court of Appeals of Arkansas
En Banc
Opinion delivered December 26, 1991

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On May 20, 1987, Ann Ellis pled guilty to a charge of violating the Arkansas Hot Check Law, a class C felony, in Sebastian County Circuit Court. The court suspended imposition of sentence for a period of five years. The judgment of the court states, in part:

> IT IS, THEREFORE, BY THE COURT CONSID-ERED, ORDERED, AND ADJUDGED that the Court withholds imposition of sentence for a period of five (5) years on condition of good behavior and other written terms and conditions as set out by the Court, including the following:

> That the Defendant is to pay restitution in the amount of $1,333.25, to the Sebastian County Prosecuting Attor-ney's office, payable at the rate of $100.00 per month beginning July 1, 1987, and on the same day each month thereafter until paid in full.

In August 1989, the State filed a petition to revoke, alleging that the defendant had paid less than $450.00 towards the restitution ordered since the date of the plea and asking that Ellis be directed to show cause why her suspended sentence should not be revoked.

On August 1, 1990, the circuit court held a hearing on the petition to revoke. Ms. Ellis' payment record was introduced without objection. It showed that she had paid, by the time of the hearing, a total of some $950.00 toward the ordered restitution since the date of the plea.

Ms. Ellis testified that she was currently employed and working a forty-hour week at $5.10 per hour. She testified that she had a high school diploma and two semesters of college. She testified that she owned a car which she was living in, and that she could not afford an apartment. She testified that she had had various medical problems and had been unemployed for several weeks before obtaining her current job. She admitted that she had paid very little during the year 1988, although she admitted she was employed during that time. Finally, she admitted that not making the payments was her fault and said that she "did not carry forward on my obligation."

The trial judge declined to revoke the defendant's suspended sentence, but found her in contempt and sentenced her to ten days in the county jail.

■ Appellant's first point for appeal is that "the trial court imposed an illegal sentence in finding the appellant in contempt." We have very recently decided this issue adversely to appellant in *Finn* v. *State*, 36 Ark. App. 89, 819 S.W.2d 25 (1991). In connection with this argument, the defendant also argues that "there was no notification of the contempt proceeding" and "there was no indication that the judgment . . . would be construed as a process or order under the contempt statute." These arguments were not presented to the trial court and we do not consider issues raised for the first time on appeal. *Williams* v. *State*, 304 Ark. 279, 801 S.W.2d 296 (1990); *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989); *Yarbrough* v. *Yarbrough*, 295 Ark. 211, 748 S.W.2d 123 (1988). There are sound reasons for the rule. It is unfair to the trial court to reverse on a ground that no one even suggested might be error. It is unfair to the opposing party, who might have met the argument not made below. Finally, it does not comport with the concept of an orderly and efficient method of administration of justice. Even issues of constitutional dimension are waived unless raised in the trial court. *See Finn* v. *State, supra.*

It is not difficult to imagine why these issues were not raised below. The defendant was substantially behind in paying the restitution previously ordered and admitted that it was her fault that it had not been paid. The trial court could have revoked her suspended sentence and sentenced her to a term of years in the Department of Correction. Had the trial court been presented with and agreed with the arguments Ellis now makes, revocation may well have been the outcome.

The appellant also argues that the evidence is insufficient to support the action taken by the trial court. In a revocation proceeding the state has the burden of proving a violation of the court's order by a preponderance of the evidence. *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). If probation is revoked, our standard of review requires that the trial judge's decision be affirmed unless clearly against a preponderance of the evidence. *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986). Here, however, appellant's suspended sentence was not revoked; rather, she was found in criminal contempt of the court's order. In such a case the burden of proof is beyond a reasonable doubt. *Jolly v. Jolly*, 290 Ark. 352, 719 S.W.2d 430 (1986). On appeal, we consider the evidence in the light most favorable to the trial judge's decision to determine whether there is substantial evidence to support his finding. *Arkansas Dept. of Human Services v. Clark*, 305 Ark. 561, 810 S.W.2d 331 (1991); *Yarbrough v. Yarbrough*, 295 Ark. 211, 748 S.W.2d 123 (1988). In the case at bar we are satisfied that the trial court's finding of contempt is supported by substantial evidence.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority opinion in this case for the same reason that I dissented in *Finn v. State*, 36 Ark. App. 89, 819 S.W.2d 25 (1991). The appellant in *Finn* did not petition the Arkansas Supreme Court for review as provided in that court's Rule 29(6). Generally, the judges of this court accept the majority decisions of this court and do not continue to dissent. Because our Supreme Court was not asked to review *Finn*, because the decision in *Finn* was handed down only last month, and because the issue has been argued by the appellant in the present case, the judges who dissented in *Finn*

dissent again in the present case.

In *Finn* the majority opinion relied strongly upon the fact that the point raised in the dissent in that case was not raised by the appellant in the trial court nor on appeal to this court. In the present case, however, the point is raised in the appeal to this court. It is my position, of course, that the trial court's order sentencing the appellant to jail for contempt is an illegal sentence. The merits of that position were discussed in the dissent in *Finn* and need not be discussed again in this case.

I would point out, however, that the factors which result in the denial of due process and fundamental fairness when a defendant appears in court on a petition to revoke a suspended sentence but is held in contempt are more clearly set out in the appellant's brief in this case than they were in the dissent in *Finn*. They are as follows:

(1) There is no notification of the contempt proceedings.

(2) There is no indication in the order suspending sentence that a violation of the conditions of the suspended sentence may be construed as contempt.

(3) There is no finding of the willful disobedience which must be shown in a contempt proceeding.

Finally, I note the statement in the majority opinion that suggests the defendant here did not object to the contempt order in the trial court because she would be better off not to raise the issue there but to wait and raise it on appeal. The answer is that, if the contempt order is set aside, the trial court can still proceed on a petition for revocation unless something else will prevent it. And that, I suggest, may be the very reason the trial court would go the contempt route. However, if revocation is barred, I think it is wrong to proceed in contempt without meeting the due process and fundamental fairness requirements which were ignored here and in *Finn*.

COOPER, J., joins in this dissent.