JUSTICE RICE specially
concurs.
¶20 The defendant’s sentence imposed the “no contact” mandate only and specifically as a condition of the suspension of 362 days out of a *183 365-day jail sentence. The sentence concluded by stating that “IT IS FURTHER ORDERED: Failure to comply with the above conditions may result in a revocation of the suspended sentence.”
¶21 Based upon the plain wording of the defendant’s sentence herein, our statutes, and case authority for the proposition that such conditions do not constitute independent “mandates” or “orders” which are punishable, upon violation, by a separate contempt charge, I believe the conclusion reached by the Court is correct. See People v. Johnson, 20 Cal. App. 4th 106, 24 Cal. Rptr. 2d 628 (1993); Jones v. United States, 560 A.2d 513 (D.C. Ct. App. 1989); Williams v. State, 528 A.2d 507 (Md. App. 1987). There is authority for the contrary position, notably from Illinois, the source state of our criminal code, see People v. Boucher, 535 N.E.2d 56, 58 (Ill. App. 1989), and for other approaches, see State v. Williams, 560 A.2d 100, 104 (N.J. Super. 1989) (noting that “Tennessee has taken a middle ground, allowing the sentencing judge to choose either punishment....”). However, I concur with the Court. While a defendant’s post-sentencing conduct may support the filing of a new criminal charge, I do not believe the mere violation of a condition of a suspended sentence will alone support a contempt charge.
¶22 However, I also believe our statutes confer sufficient authority upon sentencing courts to protect the victim and avoid this result. In addition to the authority to impose conditions of a deferred or suspended sentence, the statutes also authorize “restrictions” to be imposed upon a defendant at sentencing. “[T]he sentencing judge may impose upon the offender any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence.” Section 46-18-201(4), MCA (2003) (emphasis added). Authority is specifically provided, in cases such as this one, for “any other reasonable restrictions or conditions considered necessary ... for the protection of the victim or society....” Section 46-18-20l(4)(n), MCA (2003) (emphasis added). Thus, like other sentencing restrictions, such as the imposition of restitution or license suspension, a no contact order could be imposed upon a defendant as a stand-alone restriction and sentence requirement. Violations of such stand-alone restrictions, which are not imposed as a condition of a deferred or suspended sentence, would support, in my view, an independent charge for contempt, to be filed in the discretion of the prosecution, in addition to any other remedies.