[No. A049211. First Dist., Div. Four. Nov. 26, 1990.]

In re ANTONIO A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO A., Defendant and Appellant.

[No. A049719. First Dist., Div. Four. Nov. 26, 1990.]

In re ANTONIO A., a Minor, on Habeas Corpus.

**COUNSEL**

Linda F. Robertson and Richard L. Phillips for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**—Herein we decide that upon timely objection hearsay evidence not subject to an established exception should not be admitted to find true the allegations of a supplemental petition filed pursuant to Welfare

and Institutions Code[1] section 777. Since the supplemental petition below was sustained solely on the basis of inadmissible hearsay evidence, we reverse.

## I. Background

On December 7, 1988, the court declared appellant Antonio A. (hereafter probationer) a ward under section 602 after sustaining allegations of petty theft. It then placed him on probation and ordered him to attend a day care program and school without unexcused absence or tardiness. Several supplemental petitions were filed with various consequences; the last one, filed February 28, 1990, alleged that probationer had left his mother's home on numerous occasions without permission, and had been absent continuously from school since February 5, 1990.

At the jurisdictional hearing on the supplemental petition, probationer's mother gave confusing testimony about his absences from home. Antoinette Wiggins, his probation officer, also testified over objection that the dean of students at Woodside High School reported probationer had not attended school at all since February 5, 1990. Ms. Wiggins further testified she had never advised the probationer he need not attend school.

The court entertained argument on admissibility of the hearsay testimony. Counsel for probationer argued that hearsay must be excluded because under the California Rules of Court,[2] allegations in the supplemental petitions must be established by proof beyond a reasonable doubt based on evidence legally admissible in "a trial in a criminal case." The court, however, analogized the present situation to an adult probation revocation hearing where, it reasoned, hearsay would be admissible[3] and overruled the objection on that ground. Thereafter it sustained the truancy allegation but found the other allegations not true, and ordered probationer to serve 90 days of therapeutic detention in juvenile hall commencing April 26, 1990. In order to squarely frame the issue for appeal, the court added: "[W]ere it not for the admissibility of the hearsay evidence the court would not find that allegation to be true, so to set up the appeal." A petition for writ of habeas corpus and an appeal raising identical issues followed.[4]

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] All references to rules are to the California Rules of Court.

[3] Our Supreme Court has approved the admission of reliable hearsay in adult revocation proceedings under some circumstances. (*People* v. *Maki* (1985) 39 Cal.3d 707 [704 P.2d 743], sanctioning admission of documentary hearsay evidence if there are sufficient indicia of reliability.)

[4] This court has ordered the petition and appeal to be considered together. (Since the court is current with its caseload, there is no time to be saved by filing a habeas raising the identical issue.)

## II. Discussion

■ Probationer maintains the trial court erroneously admitted hearsay evidence to his prejudice. We agree and reverse.

He argues persuasively that under California rules and case law our courts must treat hearings on supplemental petitions in the same manner as jurisdictional hearings on original petitions and rule inadmissible hearsay evidence not coming within an established exception.

In 1976 our Supreme Court held that the hearing on a section 777 supplemental petition cannot be equated to a probation revocation hearing and that due process requires proof beyond a reasonable doubt of the charged acts of misconduct or crimes. (*In re Arthur N.* (1976) 16 Cal.3d 226, 240 [127 Cal.Rptr. 641, 545 P.2d 1345].) The court reasoned: "The reality of the supplemental petition process under our Juvenile Court Law is that the hearing on the petition is preliminarily an adjudicatory hearing; that the purpose may be to prove that the juvenile has committed a crime; and that if the charged acts of misconduct or crimes are proved the juvenile may be removed from his parents' custody and may as a result of this adjudication, either presently or in the future, be institutionalized locally or committed to the Youth Authority . . . . [T]here is 'no basis in reason to distinguish between an original and a supplementary proceeding' and . . . when a supplemental petition charges acts of misconduct or crimes which may lead to substantially more restrictive punishment or custody the bifurcated hearing procedure established for original proceedings by sections 701 and 702 should be utilized *and the juvenile accorded the same constitutional and statutory rights that he has on an original petition.*" (*Ibid.*, italics added.)

The court pointed out that an adult whose probation is revoked cannot be subjected to any greater punishment than would be allowed for the underlying offense.[5] In contrast, upon sustaining a supplemental petition's allegations of new misconduct, the juvenile court may order a disposition more restrictive than would have been permitted within the court's discretion at the original wardship determination. This distinction becomes clear when a minor is adjudged a section 602 ward for a minor offense and upon later supplemental findings is removed from the parents' home and subjected to

---

[5]See (1) Penal Code section 1403.2, subdivision (c) (upon revocation, where imposition of sentence initially is suspended, court can impose sentence up to the maximum period for the original offense); and (2) rule 435(b)(1) providing that in this situation, the sentencing court can only look to circumstances existing at the time probation was granted. On the other hand, the juvenile probationer's new disposition directly relates to the conduct charged in the supplemental petition and proved at the supplemental hearing.

increasingly restrictive custody, including possible confinement in a Youth Authority facility. (*In re Arthur N., supra,* 16 Cal.3d at p. 237.) The court explained that the Arthur N. wardship exemplified the case wherein the most severe disposition resulted from subsequent acts and not the initial wrongdoing. Initially, the court declared Arthur N. a ward upon his admission that he was in possession of an alcoholic beverage (beer). Thereafter, he committed a series of transgressions ending in the alleged perpetration of a robbery which spurred a supplemental petition and landed him in the Youth Authority on the basis of a hearing and record that did not affirmatively reflect application of the reasonable doubt standard. (*Id.,* at pp. 229-230, 239-240.)

The People urge that *Arthur N.* is only as good as its factual predicate, i.e., its rule only governs section 602 cases where the supplemental petition alleges commission of a new crime and the People seek a Youth Authority commitment. However, the holding in *Arthur N.* is broader than its facts, and has now been adopted by rule to apply to all supplemental petitions.

In 1977 the Judicial Council, acting pursuant to its constitutional and statutory authority (Cal. Const., art. VI, § 6; § 265), and in order to promote uniformity in the practice and procedure of juvenile court law, adopted comprehensive rules spelling out the procedures and requirements governing all phases of juvenile proceedings. (Rule 1400(b); see former rule 1301(b).) Rule 1489 (relating to contested hearings on §§ 601 and 602 petitions) is important to this case and provides in pertinent part: "(b) Proof beyond a reasonable doubt, supported by evidence legally admissible in the trial of criminal cases, must be adduced to support a finding that allegations under section 602 set forth in the petition are true . . . . [¶] (c) The admission and exclusion of evidence shall be in accordance with the rules of evidence established by the Evidence Code and by judicial decision."[6] (See former rule 1355(b) and (c).)

These rules governing hearings on original petitions apply fully to hearings on supplemental petitions to ascertain whether the allegations therein are or are not true. (Rule 1431(e)(1);[7] former rule 1392(d)(1), relettered subd. (e)(1) in 1987 and repealed eff. July 1, 1989.)

---

[6] Rule 1489(b) and (c) merely restate the guidelines for determining jurisdictional facts on an original petition, as set forth in section 701: ". . . The admission and exclusion of evidence shall be pursuant to the rules of evidence established by the Evidence Code and by judicial decision. Proof beyond a reasonable doubt supported by evidence, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by Section 602 . . . ."

[7] Rule 1431 reads in part: "(e) The hearing on a subsequent or supplemental petition shall be conducted as follows: [¶] (1) The procedures relating to jurisdiction hearings prescribed in

The advisory committee comment to former rule 1392 notes: ". . . subdivision (d) prescribes that a two-part hearing be held on the supplemental petition, analogous to the jurisdiction and disposition hearings held on the original petition. This is required by judicial decision in those cases where the supplementary petition charges new and different criminal acts not included in the original petition [citing *Arthur N.* and earlier Court of Appeal authority]. *This rule would extend 'the same panoply of . . . protections' to all hearings on supplemental petitions.* Thus, for example, the requirements relating to appointment of counsel [citations], the rules of evidence [citations] and the burden of proof [citations] are made applicable to hearings on a supplemental petition." (Advisory Com. com., Deering's Ann. Rules of Court, former rule 1392, p. 518, italics added.)

Rule 1431(e)(1) unequivocally infuses all factual hearings on supplemental petitions—including those, such as the case at bar, alleging a probation violation not amounting to a crime—with the same safeguards that define the jurisdictional hearing on an original petition. This means that the admissibility of evidence is determined in accordance with the Evidence Code and case law, and factual findings must be supported by evidence legally admissible in the trial of criminal cases. (§ 701; rule 1489(b), (c).) Hearsay evidence not subject to an exception to the hearsay rule and to which an objection is timely posed is inadmissible at the jurisdictional hearing on an original section 602 petition (*In re Wing Y.* (1977) 67 Cal.App.3d 69, 77-79 [136 Cal.Rptr. 390]); likewise, under rule 1431(e)(1), such evidence would be inadmissible at the factual phase of the supplemental hearing. We have held that this rule is not inconsistent with statute and, thus, "has the force of positive law binding on the courts and parties in the same way as a procedural statute." (*In re Michael V.* (1986) 178 Cal.App.3d 159, 167 [223 Cal.Rptr. 503].)

The People argue nonetheless that where allegations in the supplemental petition would not support a section 602 finding (i.e., that the minor committed a crime) and the minor is already a section 602 ward, the ensuing hearing is not "specifically encompassed" under rule 1431 because it is no longer analogous to a jurisdictional hearing. Rather, such a proceeding is the functional equivalent of a probation revocation hearing because its purpose is not to make a new adjudication to justify the wardship or add length to the commitment, but rather to determine the most appropriate continuing disposition of the minor.

. . . chapter 8 for delinquent children shall apply to the determination of the allegations of a subsequent or supplemental petition . . . ."

First, the plain language of rule 1431(e) applies the procedural safeguards attendant to jurisdictional hearings on original petitions to hearings on *all* supplemental petitions; there is no room for distinguishing or excluding petitions based on the case history, type of offending conduct, or recommended disposition. Lest any doubt remain, the advisory committee comment makes this wholesale grafting clear.

Second, this court has recognized that a hearing on a supplemental petition is only superficially analogous to an adult probation revocation hearing because neither the purposes nor the consequences of these proceedings are the same. (*In re Michael V., supra*, 178 Cal.App.3d at p. 167.) Probation, when ordered for a minor, can assume many configurations and is but one aspect of the dispositional order, another key aspect being the specific custodial placement authorized pursuant to sections 727, 730 and 731. Thus juvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation. A grant of juvenile probation is not revoked upon sustaining a supplemental petition; rather, the entire underlying order is subject to modification "as the judge deems meet and proper." (§ 775.) Further, any given supplemental petition can result in modification of an order itself the product of earlier modification, as was the case here. With the potential for stacking supplemental petitions and modified dispositional orders, the importance of infusing all constitutional and statutory protections attendant in the original petition to each supplemental petition becomes apparent.

Third, the consequences of a section 777 petition can be the same whether the petition alleges commission of a crime or a lesser violation. If the court finds the previous dispositional order was ineffective, it can then refashion its order, selecting from among numerous options a more suitable, and more restrictive, disposition.

To conclude, *Arthur N.* and rule 1431(e) require that the juvenile court, in deciding the truth of the allegations in a supplemental petition, must afford the minor the same constitutional and statutory protections as would be available at the jurisdictional hearing on an original petition. Hearsay evidence not falling within an established exception would be inadmissible upon timely objection at the jurisdictional hearing on a section 602 petition; it should not have been admitted here. The hearsay testimony of Probation Officer Wiggins was the *only* evidence of probationer's truancy; without question its admission was prejudicial.

The dispositional order is reversed. Appellant having obtained relief by appeal, we dismiss the petition for writ of habeas corpus as moot.

Perley, J., and Reardon, J., concurred.