[No. B076204. Second Dist., Div. Seven. Nov. 17, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID JOHNSON, Defendant and Appellant.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Terrance McQuigg, Paula Montez and John Hamilton Scott, Deputy Public Defenders, for Defendant and Appellant.

James K. Hahn, City Attorney, and Debbie Lew, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

LILLIE, P. J.—On December 12, 1991, in two municipal court cases, David Johnson entered a nolo contendere plea to the willful violation of a restraining order (case No. 91R15743) and assault with a deadly weapon (case No. 91R12642). (Pen. Code, §§ 273.6, subd. (a)(2); 245, subd. (a)(1).) In each case, imposition of sentence was suspended and Johnson was placed on 36' months' formal probation on the condition, inter alia, that he "obey all laws and further orders of the court." Additionally, Johnson was "ordered to stay away 500 yards from (harassing, molesting or annoying) victim Sharon Holmes and Nobel Steward in any way; any communication between [Johnson] and parties to have the prior approval of the probation officer. . . ."

In the instant case, on March 25, 1992, Johnson was charged with contempt of court (Pen. Code, § 166, subd. 4) for the willful disobedience of the court's orders imposed as conditions of probation in case Nos. 91R15743 and 91R12642.

Johnson filed a demurrer to the misdemeanor complaint, contending that violation of a condition of probation could not be the basis of a contempt action. The demurrer was sustained without leave to amend, and the complaint was dismissed. Subsequently Johnson was found in violation of probation and was sentenced.

The People appealed the trial court's order sustaining the demurrer and dismissing and terminating the action, contending it could properly charge Johnson with the new crime of contempt for violating the court's order that he stay away from his victims.

The appellate department of the superior court filed and certified for publication its opinion reversing the order of the trial court and reinstating the contempt charge. Pursuant to California Rules of Court, rule 62(a), this court ordered the case transferred for hearing and decision.[1]

█ The issue before us is whether, in addition to revoking probation, the trial court can punish conduct which amounts to a violation of a condition of probation as a contempt of court pursuant to Penal Code section 166, subdivision (4).[2] We hold that the trial court cannot do so.

## DISCUSSION

Following a criminal conviction, a court may place a defendant on probation, with certain exceptions, if it determines "there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served . . . ." (Pen. Code, § 1203, subd. (b).) ". . . [I]n the order granting probation, [the court] may suspend the imposing, or the execution, of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence . . . and upon those terms and conditions as it shall determine." (Pen. Code, § 1203.1.)

█ "A grant of probation is not a matter of right; it is an act of clemency designed to allow rehabilitation. [Citations.] It is also, in effect, a bargain made by the People, through the Legislature and the courts, with the convicted individual, whereby the latter is in essence told that if he complies

---

[1]In the order transferring the cause to this court, for purposes of filing briefs, Johnson was designated the appellant and the People designated the respondent.

[2]Pursuant to Penal Code section 166, subdivision (4), a person is guilty of contempt of court, a misdemeanor, for the "[w]illful disobedience of any process or order lawfully issued by any Court."

Respondent does not assert that Johnson's conduct was criminal as a result of the original restraining order.

with the requirements of probation, he may become reinstated as a law-abiding member of society. [Citation.] As an additional inducement, the '[r]emoval of the blemish of a criminal record' is held out through the provisions of Penal Code section 1203.4. [Citation.]" (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788 [250 Cal.Rptr. 730].)

"In granting probation, the trial court retains jurisdiction of the defendant. During the period of his probation, the probationer remains in the constructive custody of the court and is bound by the terms and conditions of the court's probation order. Customarily, such order is tailored to the rehabilitative needs of that defendant. If the defendant accepts probation and later violates any of the conditions thereof, the court may then revoke its order of probation and impose sentence upon the offending probationer." (*People v. Borja* (1980) 110 Cal.App.3d 378, 382 [167 Cal.Rptr. 813].) "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period. [Citations.]" (*People v. Chandler, supra,* 203 Cal.App.3d at p. 788.)

The consequences of a violation of probation are governed by Penal Code section 1203.2, subdivision (c), which provides that "[u]pon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced. [However,] if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect. . . ."[3]

The inquiry upon revocation of probation is not directed to the probationer's guilt or innocence but to performance on probation, that is whether the probationer violated the conditions of probation and if so what

[3]California Rules of Court, rule 435, contains similar language regarding the procedure upon revocation of probation: "(a) When the defendant violates the terms of probation or is otherwise subject to revocation of probation, the sentencing judge may make any disposition of the case authorized by statute. [¶] (b) Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: (1) If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c). [¶] The length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found. [¶] (2) If the execution of sentence was previously suspended, the judge shall order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Director of Corrections for the term prescribed in that judgment."

does that action signify for future conduct. The focus is whether a probationer has shown he can conform his behavior within the parameters of the law. (*People* v. *Beaudrie* (1983) 147 Cal.App.3d 686, 691 [195 Cal.Rptr. 289].) ". . . [U]se of subsequent criminal conduct to revoke probation only results in imposition of punishment for the *earlier crimes* of which defendant has *already been convicted*." (*People* v. *Balderas* (1985) 41 Cal.3d 144, 203, fn. 31 [222 Cal.Rptr. 184, 711 P.2d 480], italics in original.)

■ Contrary to the People's assertion, a violation of a condition of probation is not punishable by a separate contempt action. The granting of probation and the consequences of a violation of its terms are governed by Penal Code section 1203 et seq. The statutory language makes it clear that upon revocation, the trial court may either pronounce judgment for any time within the longest period the defendant might have been sentenced if imposition of the sentence previously had been suspended or if the judgment previously had been pronounced and execution suspended the court may revoke the suspension and order the judgment in full force and effect. ". . . [A]n adult whose probation is revoked cannot be subjected to any greater punishment than would be allowed for the underlying offense." (*In re Antonio A.* (1990) 225 Cal.App.3d 700, 703 [275 Cal.Rptr. 482].)

While there appears to be no published California case on the question of whether a trial court can punish a violation of a condition of probation as a contempt of court, there are cases from other jurisdictions which have considered this same question and concluded that a trial court cannot. We agree for example with the conclusion reached by the Superior Court of New Jersey, Appellate Division, in *State* v. *Williams* (1989) 234 N.J. Super. 84 [560 A.2d 100, 103] that conditions of probation are "the requirements placed upon the defendant as statutory conditions to the order permitting defendant to be on probation rather than independent directions to a defendant," and that there is a "distinction between an order directed to a defendant or another to do or refrain from doing a particular act (the violation of which could be the basis of a contempt of court citation by a judge or indictment by a grand jury), and a conditional order which either states the ramifications of its violation or has such consequences established by law." (*Id.* at p. 103.)

Similarly, the Court of Special Appeals of Maryland in *Williams* v. *State* (1987) 72 Md.App. 233 [528 A.2d 507] held that a defendant could not be found in contempt based on a violation of a condition of probation, basing its holding on the purpose and nature of probation. "Probation is an act of grace. [Citation.] It permits a court, in its discretion, to suspend what would be the normal penalty for violation of the criminal law in favor of conditions which, if performed, tend to promote the rehabilitation of the criminal as

well as the welfare of society. [Citation.] In other words, in an appropriate case, the criminal defendant is given a second chance—an opportunity to show that by performing the conditions of probation he can function as a law-abiding and useful member of society. If he faithfully performs those conditions, he is spared the more drastic punishment that generally follows a violation of the criminal law. [¶] If, however, the defendant fails to perform the conditions of probation he may forfeit the benefits of probation. In such a case, when the original sentence or some portion of it is reimposed, the 'original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously afforded the defendant.' [Citation.]" (*Id.* at p. 508, see also *Jones* v. *U. S.* (D.C. 1989) 560 A.2d 513, 514; *Alfred* v. *State* (Alaska Ct.App. 1988) 758 P.2d 130, 131; *State* v. *Woodland* (Fla.Dist.Ct.App. 1992) 602 So.2d 554.)

The People rely on *People* v. *Patrick* (1980) 83 Ill.App.3d 951 [39 Ill.Dec. 451, 404 N.E.2d 1042], an Illinois Appellate Court decision, for the proposition that a violation of a condition of probation can be punished by contempt. The decision in *Patrick* was, however, based on a legislative scheme which, at one time, authorized contempt proceedings as the only sanction for a violation of a term of probation. (See *Alfred* v. *State, supra,* 758 P.2d 130, 132.) Similarly, a decision from Iowa, *Jenney* v. *Iowa District Court* (Iowa 1990) 456 N.W.2d 921, 924, which permitted charging probation violations as contempts of court, was based on unique legislation not consistent with the California statutory scheme.

As noted in *People* v. *Chandler, supra,* 203 Cal.App.3d at page 788, the grant of probation is in effect a bargain wherein the defendant is told that if he complies with the requirements of probation he may be reinstated as a law-abiding member of society. Additionally, as part of that bargain he is told that if he fails to comply with the requirements of probation the favorable treatment previously afforded will be withdrawn.

The ramifications of a violation of a condition of probation are stated by the court and established by statute, i.e., that probation may be revoked. Following revocation of probation, a defendant is to receive no greater sentence than that he could have received at the time probation was granted, and the length of a sentence shall be based on circumstances as they existed at the time probation was granted.[4] "Contempt of court should not be superimposed as an additional remedy in a probation violation setting if the

---

[4]Of course, if the conduct constituting the probation violation is also a crime, the probationer can be prosecuted for that crime and if convicted punished for a violation of the criminal law. (See *Lucido* v. *Superior Court* (1990) 51 Cal.3d 335, 347-348 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995].)

act that occasions the violation itself is not otherwise criminal."[5] (*State* v. *Williams*, *supra*, 560 A.2d 100 at p. 104.)

For the foregoing reasons we conclude that a trial court cannot punish conduct which amounts to a violation of a condition of probation as a contempt of court.

## DISPOSITION

The order sustaining the demurrer to the complaint and dismissing the complaint is affirmed.

Johnson, J., and Woods (Fred), J., concurred.

Respondent's petition for review by the Supreme Court was denied Feburary 23, 1994.

---

[5]Respondent does not assert Johnson's conduct was otherwise criminal.