[No. E027896. Fourth Dist., Div. Two. Aug. 8, 2001.]

In re MARCUS A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARCUS A., Defendant and Appellant.

**COUNSEL**

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela A. Ratner and Susan E. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RAMIREZ, P. J.**—The defendant, Marcus A., appeals from an order committing him to the California Youth Authority (CYA) after a contested dispositional hearing, arguing that the proceedings were improperly initiated pursuant to Welfare and Institutions Code section 777.[1] The People concede that prejudicial error occurred. We agree and reverse.

---

[1] Further statutory references will be to the Welfare and Institutions Code unless otherwise noted.

## FACTS AND PROCEDURAL HISTORY

Marcus A. became involved with the juvenile courts at age 13, when, in December 1997, the San Bernardino County District Attorney filed a petition alleging that he was a person coming under the provisions of Welfare and Institutions Code section 602 because he had committed the crime of grand theft in violation of Penal Code section 487, subdivision (a). An amended petition was later filed, alleging two additional counts: petty theft in violation of Penal Code section 488, and giving false information to a police officer in violation of Penal Code section 148.9, subdivision (a).

On June 23, 1998, Marcus A. voluntarily admitted the grand theft count. On the motion of the district attorney the remaining two counts were dismissed. Marcus A. was found to come under the provisions of section 602 and was retained in juvenile hall. At a dispositional hearing on July 8, 1998, Marcus A. was declared a ward of the court, placed on probation and released to the custody of his aunt with specified terms and conditions of probation.

Some six weeks later a supplemental petition for more restrictive placement was filed under Welfare and Institutions Code section 777, subdivision (a)(2), alleging that Marcus A. had violated terms of his probation by removing an electronic monitoring device, running away from home, and testing positive for marijuana. Then, on September 1, 1998, a subsequent juvenile wardship petition was filed, alleging that Marcus A. had committed the crime of second degree robbery in violation of Penal Code section 211, and had received stolen property in violation of Penal Code section 496. Marcus A. voluntarily admitted violating Penal Code section 496 and the trial court dismissed the robbery count and the allegations that he violated terms of his probation. At the dispositional hearing the court ordered Marcus A. continued in juvenile hall pending his placement in a foster care facility. As of October 15, 1998, he was placed in Joy House.

In August 1999, Marcus A. graduated from the program at Joy House. However, he had no relatives willing and able to care for him, as his aunt had passed away during his placement. Therefore a supplemental petition for a more restrictive placement was filed recommending that he be maintained in juvenile hall pending a lower level placement. On September 2, 1999, the August 1999 supplemental petition was dismissed, Marcus A. was placed in the home of another aunt and was continued a ward of the court.

A short time later, the district attorney filed an additional subsequent juvenile wardship petition charging Marcus A. with assault by means likely

to produce great bodily injury in violation of Penal Code section 245, subdivision (a)(1). Marcus A. eventually admitted the charge and was maintained in juvenile hall pending placement at La Hacienda on December 20, 1999.

On June 19, 2000, Marcus A.'s probation officer filed a notice to initiate a proceeding to revoke probation pursuant to section 777. Marcus A. was accused of noncompliance with the terms of probation because he allegedly violated La Hacienda's dress code and was found in possession of a cigarette.

At a jurisdictional hearing on July 12, 2000, the court heard testimony that Marcus A. was repeatedly advised of the terms and conditions of his placement at La Hacienda, including obeying the rules and obeying the placement staff. A staff member of La Hacienda testified that he told Marcus A. that he was in violation of the dress code for wearing layered clothing, and Marcus A. refused to comply. However, the staff member later admitted that there was no written prohibition in the rules against wearing layered clothing. The court thus found not true the allegation that Marcus A. had violated La Hacienda's dress code and disobeyed placement staff. However, based upon the testimony of another staff member who found three and one-half cigarettes in Marcus A.'s pocket, the court found true the allegation that he had been in possession of cigarettes. The testimony was admitted over the objection of Marcus A.'s attorney, who asserted that possession of cigarettes was a separate crime and could not be raised at the hearing under section 777. At a contested dispositional hearing on July 25, 2000, the trial court committed Marcus A. to the CYA for a maximum period of five years. This appeal followed.

## DISCUSSION

■ Marcus A. contends that the trial court erred when it committed him to the CYA after finding that he had violated the terms of his probation in a hearing instituted under section 777. The People concede that the trial court did err and we agree.

Section 777 provides for the removal of a minor ward of the court or probationer to a more restrictive placement than that previously ordered based upon additional misconduct by the minor. Prior to the passage of Proposition 21, section 777 outlined two categories of misconduct, that which amounted to a crime and that which did not. (See Historical and Statutory Notes, 73A West's Ann. Welf. & Inst. Code (2001 supp.) foll. § 777, p. 64.)

However, the provision was dramatically changed by the passage of Proposition 21, which became effective on March 8, 2000. (*In re Melvin J.* (2000) 81 Cal.App.4th 742, 757 [96 Cal.Rptr.2d 917].) From that date, the statute has applied only to those violations of probation that do not amount to a crime. (§ 777, subd. (a)(2).)

Marcus A. was charged with two offenses allegedly amounting to a violation of his probation. Both of those offenses occurred after the effective date of the amended statute. The dress code/failure to comply with a reasonable staff order offense did not amount to a crime, and was therefore properly raised in the hearing below. However, the trial court found that allegation was not true. Therefore, it did not form a basis for the challenged order.

The other offense, possession of cigarettes, was the only ground for the order herein. However, since he was under the age of 18, Marcus A.'s possession of cigarettes was a criminal offense. (Pen. Code, § 308, subd. (b).) Because this alleged probation violation occurred after the amended statute's effective date and amounted to a criminal offense, it should not have been pursued in proceedings initiated under the amended version of Welfare and Institutions Code section 777.

The error was prejudicial and therefore the order must be reversed. Under former section 777, due process required that the additional misconduct be proved beyond a reasonable doubt. (*In re Arthur N.* (1976) 16 Cal.3d 226, 235-241 [127 Cal.Rptr. 641, 545 P.2d 1345].) Currently, section 777, subdivision (c) requires proof only by a preponderance of the evidence. Here, the record reflects that the trial court found true the allegation that Marcus A. was in possession of cigarettes in violation of the rules at La Hacienda only by a preponderance of the evidence.

The amended statute also permits the use of hearsay, which was not acceptable under the prior version, and eliminates the necessity of a finding that the prior disposition was ineffective in rehabilitating the minor (the trial court did make that finding here). (See *In re Jorge Q.* (1997) 54 Cal.App.4th 223, 231-232 [62 Cal.Rptr.2d 535], & *In re Antonio A.* (1990) 225 Cal.App.3d 700, 703-706 [275 Cal.Rptr. 482], interpreting the pre-Prop. 21 law; § 777, subd. (c).) Further, as Marcus A. points out, under the facts and circumstances of this case, it is possible that the prosecutor may have, in a proper exercise of discretion, declined to pursue a criminal prosecution of this offense.

## DISPOSITION

The July 25, 2000, order committing Marcus A. to the CYA is reversed.

McKinster J., and Gaut J., concurred.