[No. S107904. Aug. 7, 2003.]

In re EMILIANO M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EMILIANO M., Defendant and Appellant.

COUNSEL

Lynne G. McGinnis and Amanda F. Doerrer, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Boustany, Steven T. Oetting, Vincent L. Rabago and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BAXTER, J.**—This juvenile law case presents an issue related to that we decide today in *In re Eddie M.* (2003) 31 Cal.4th 480 [3 Cal.Rptr.3d 119, 73 P.3d 1115] (*Eddie M.*). There we construe Welfare and Institutions Code section 777,[1] as amended on March 7, 2000, by Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998 (Proposition 21). Section 777 has long allowed a more restrictive disposition where juvenile probationers previously found to have committed crimes under section 602 commit new misconduct. Among its many provisions, Proposition 21 limits section 777, as applied to persons under section 602 jurisdiction, to "allege[d]" probation violations "not amounting to . . . crime[s]." (§ 777, subd. (a)(2) (section 777(a)(2)).) In *Eddie M.*, we conclude that section 777(a)(2) is not limited to probation violations that are inherently noncriminal in nature, but applies to any misconduct, criminal or noncriminal, so long as it is alleged only as a probation violation, not as a new juvenile crime.

Here, the Court of Appeal construed section 777(a)(2) in a manner contrary to *Eddie M.*, thereby negating the application of another important provision of Proposition 21. This latter provision, by adding section 186.30, subdivision (b)(3) to the Penal Code (Penal Code section 186.30(b)(3)), imposes a gang registration requirement for a "petition sustained" in juvenile court for any gang-related "crime."

Specifically, the Court of Appeal held Proposition 21's gang registration requirement inapplicable in this case where the juvenile court had (1) sustained an allegation under section 777(a)(2) that the minor violated probation by possessing ammunition, and (2) found, for purposes of the gang registration provision, that this conduct was a gang-related crime. The Court of Appeal reasoned that because criminal conduct is excluded per se from proceedings under section 777(a)(2) as amended by Proposition 21—a result we disavow in *Eddie M.*—both the ammunition possession count and the gang registration order the juvenile court had attached to that count must be overturned.

---

[1] All unlabeled statutory references are to the Welfare and Institutions Code.

But as the Court of Appeal's premise fails, so must its conclusion based solely on that premise. Because the Court of Appeal erred in its determination that misconduct cannot be adjudicated *as a probation violation* under section 777(a)(2) if, in fact, it constitutes a crime, the court also erred when it relied exclusively on that principle to void the juvenile court's finding of a gang-related crime for which a registration condition was appropriate.

In so deciding, we do not address whether there may be other reasons why the gang registration provision of Penal Code section 186.30(b)(3) might not apply in a section 777(a)(2) probation violation proceeding. (See *post*, at p. 517, fn. 4.) We leave that question to be decided in the first instance by the Court of Appeal. Accordingly, we will reverse the Court of Appeal's judgment insofar as it conflicts with *Eddie M.* and this case, and will remand for further proceedings consistent with the views expressed in these two decisions.

## A.  JUVENILE COURT PROCEEDINGS

In 1996, the juvenile court sustained a section 602 petition charging Emiliano M. with two misdemeanors, namely, joyriding (Pen. Code, § 499b), and carrying a concealed firearm in a vehicle (*id.*, § 12025, subd. (a)). On September 12, 1996, Emiliano was declared a ward under section 602, and received probation. The court imposed conditions which, among other things, prohibited the possession of weapons and ammunition, banned any association with specific persons linked to the Thugs Gone Krazy gang, and required payment of a restitution fine.

Between January 1997 and July 1999, the juvenile court sustained as many as five petitions against Emiliano under section 777 for numerous probation violations, including the possession of ammunition and association with gang members. Each time, the juvenile court continued Emiliano's wardship and probation, and ordered compliance with existing conditions. New conditions also were imposed barring any association with the Central Myrtle Street gang, and requiring the payment of various fees and fines.

After he turned 18 years old and while still on juvenile probation, Emiliano became the subject of an attempted murder investigation arising out of a drive-by shooting. While executing a search warrant in the shooting case on July 20, 2000, police found Emiliano in the possession of two air pistols, four boxes of ammunition, and Central Myrtle Street gang paraphernalia.

The present juvenile court proceeding began shortly after the police search. Authorities filed two new section 777 petitions which, as amended, accused Emiliano of violating juvenile probation by (1) failing to pay restitution, fines, and fees ordered on three occasions in 1996 through 1999, (2) possessing air pistols on July 20, 2000, in violation of the wardship order dated September 12, 1996, and (3) possessing ammunition on the same date

in violation of the same court order. A consolidated bifurcated hearing occurred on August 29, 2000.

At the jurisdictional phase of the instant section 777 hearing, Emiliano admitted violating juvenile probation by not paying restitution, fines, and fees notwithstanding his ability to pay. He submitted the remaining allegations to the juvenile court for adjudication based on certain police reports. The court found Emiliano possessed both air pistols and ammunition in violation of probationary terms imposed on September 12, 1996, in the underlying section 602 proceeding.

At the dispositional phase of the section 777 hearing, the juvenile court retained Emiliano as a section 602 ward, and continued probation under numerous conditions, including confinement for one year in county jail and compliance with restrictions on gang activity and associations. In addition, the court ordered Emiliano to register with law enforcement as a gang member within 10 days of his release from custody, alluding to Penal Code section 186.30(b)(3) as the source of this requirement.[2] Emiliano objected to gang registration on unspecified grounds. The juvenile court overruled the objection, stating on the record that it assumed Emiliano was challenging the constitutionality of the registration statute.

## B.   COURT OF APPEAL DECISION

On appeal, Emiliano targeted the registration requirement. In particular, he claimed that Penal Code section 186.30(b)(3) is facially unconstitutional on several grounds. The Court of Appeal ultimately agreed to invalidate the gang registration requirement in this case. However, after soliciting supplemental briefs on the issue, the panel based its decision solely on statutory grounds that implicated *both* Penal Code section 186.30(b)(3), *and* section 777(a)(2), on which the underlying probation violations were based.

At the outset, the Court of Appeal alluded to the fact that after Proposition 21, section 777(a)(2) applies only to "allege[d]" probation violations "not amounting to . . . crime[s]."[3] According to the court, this language limits

---

[2] Penal Code section 186.30 provides, in part, as follows: "(a) Any person described in subdivision (b) shall register with the chief of police of the city in which he or she resides, or the sheriff of the county if he or she resides in an unincorporated area, within 10 days of release from custody or within 10 days of his or her arrival in any city, county, or city and county to reside there, whichever occurs first. [¶] (b) Subdivision (a) shall apply to any person . . . who has had *a petition sustained in a juvenile court in this state for* any of the following offenses: [¶] . . . [¶] (3) *Any crime that the court finds is gang related at . . . disposition.*" (Italics added.)

[3] Section 777, as amended by Proposition 21, provides, in part, as follows: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or

section 777 to probation violations that involve "noncriminal misconduct," and that do not comprise "independent crime[s]." The sole authority cited for this conclusion was *In re Marcus A.* (2001) 91 Cal.App.4th 423 [109 Cal.Rptr.2d 919] (*Marcus A.*), which used similar reasoning to reverse a section 777 probation violation based on a criminal act. Thus, the instant Court of Appeal held that even where no new crime is alleged in the section 777(a)(2) proceeding, the statute does not apply to probation violations that are inherently criminal in nature.

Next, the Court of Appeal determined that its interpretation of Proposition 21's version of section 777(a)(2) undermined a key jurisdictional finding in the juvenile court. The appellate court observed that, unlike the other probation violations sustained below (i.e., failure to pay fines and fees, and possession of air pistols), Emiliano's act of possessing ammunition in violation of an express probationary term constituted a crime. (See Pen. Code, §§ 12021, subd. (d), 12316, subd. (b).) Reasoning that such conduct is excluded under section 777(a)(2)'s "not amounting to a crime" language, the Court of Appeal decided that the latter probation violation must be set aside.

Finally, and critical here, the court used its analysis of section 777(a)(2) to find a fatal flaw in the gang registration requirement. The court observed that Penal Code section 186.30(b)(3) applies by its own terms to anyone who has had "a petition sustained in a juvenile court" for "[a]ny *crime* that the court finds is gang related" at disposition. (Italics added.) Relying on the definition of the italicized term provided in Penal Code section 15, the Court of Appeal noted that a "crime" is any "*act committed* . . . in violation of a [penal] law." (Italics added.) The Court of Appeal explained that, while Emiliano's possession of ammunition actually involved a crime, the corresponding probation violation could not stand, because section 777(a)(2) only covers noncriminal acts under Proposition 21. Insisting no gang-related crime was properly sustained in a juvenile court petition under Penal Code section 186.30(b)(3), the court felt compelled to strike the registration requirement.

modifying a previous order by directing commitment to the Youth Authority shall be made only after a noticed hearing. [¶] (a) The notice shall be made as follows: [¶] . . . [¶] (2) By the probation officer or the prosecuting attorney if the minor is a court ward or probationer under Section 602 in the original matter and the notice alleges a violation of a condition of probation not amounting to a crime. The notice shall contain a concise statement of facts sufficient to support this conclusion. [¶] . . . [¶] (c) The facts alleged in the notice shall be established by a preponderance of the evidence at a hearing to change, modify, or set aside a previous order. The court may admit and consider reliable hearsay evidence at the hearing to the same extent that such evidence would be admissible in an adult probation revocation hearing, pursuant to the decision in *People v. Brown* (1989) 215 Cal.App.3d 452 [263 Cal.Rptr. 391] and any other relevant provision of law."

In sum, the Court of Appeal reversed the section 777 order insofar as it found that Emiliano violated probation by possessing ammunition, and required him to register as a gang member under Penal Code section 186.30(b)(3). In all other respects, the juvenile court's order was affirmed. The Attorney General petitioned for review.

## C. ANALYSIS ON REVIEW

The Attorney General contends the Court of Appeal's decision under Penal Code section 186.30(b)(3) was based on an erroneous interpretation of section 777(a)(2), to wit, that the latter statute, as amended by Proposition 21, cannot be used to allege and sustain probation violations based on criminal acts. We agree.

■ *Eddie M.* holds that section 777(a)(2), as amended by Proposition 21, covers *all* situations in which new misconduct by a criminal juvenile probationer is alleged only as a probation violation. In other words, a more restrictive disposition can be sought and obtained under the statute regardless of the actual criminal nature of the violation that is pled. (*Eddie M., supra,* 31 Cal.4th 480, 486.) ■ Probation violations alleged under section 777(a)(2) are proven under new procedural rules added by Proposition 21 to subdivision (c) of section 777. Such rules include a preponderance of the evidence standard of proof. (See *Eddie M., supra,* 31 Cal.4th at p. 486.)

*Eddie M.* explains that under a contrary interpretation of section 777(a)(2), unless each new crime could otherwise be proven beyond a reasonable doubt in either juvenile or adult court, "reoffense by a section 602 ward and probationer would entail no specific statutory sanction. Such a potentially wide gap in the law would impair the ability of both the executive and judicial branches to guide youthful reform and to ensure accountability for all offenders properly within the juvenile court's jurisdiction." (*Eddie M., supra,* 31 Cal.4th at p. 500.) *Eddie M.* disapproves the decision in *Marcus A., supra,* 91 Cal.App.4th 423, to the extent it reached an inconsistent result. (*Eddie M., supra,* 31 Cal.4th at p. 502.)

■ Here, the Court of Appeal erred in following *Marcus A., supra,* 91 Cal.App.4th 423, and in concluding that section 777(a)(2) excluded the act of possessing ammunition because it constitutes a crime. The finding that Emiliano violated probation by possessing ammunition should not have been reversed on this ground.

Moreover, based solely on its erroneous conclusion that the ammunition-possession count was not properly alleged and sustained under section 777(a)(2), the Court of Appeal also reversed the gang registration requirement

attached to that count under Penal Code section 186.30(b)(3). Our decision invalidates the Court of Appeal's reasoning on this point. Accordingly, the Court of Appeal on remand should reconsider this issue and address any other issue concerning Penal Code section 186.30(b)(3). We have no occasion to do so.[4]

## D. CONCLUSION

The Court of Appeal's judgment is reversed insofar as it (1) reversed the probation violation involving the possession of ammunition, and (2) on that basis, reversed the gang registration requirement. The matter is remanded to the Court of Appeal for further proceedings consistent with both this opinion and *Eddie M., supra,* 31 Cal.4th 480. In all other respects, the judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[4] For example, Penal Code section 186.30(b)(3) imposes a gang registration requirement on any person "who has had a petition sustained in a juvenile court in this state" for "[a]ny crime that the court finds is gang related at the time of . . . disposition." A question arises whether Proposition 21 voters meant this provision to apply in juvenile probation violation proceedings under section 777(a)(2)—a statute which the same voters amended to cover any "notice alleg[ing] a violation of a condition of probation not amounting to a crime." This issue has never been briefed by the parties, and was not addressed by the Court of Appeal. For these reasons, we do not decide the issue here.