Filed 7/21/22  P. v. Zendejas CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE MIJEL ZENDEJAS, <br><br> Defendant and Appellant. | B313035 <br><br> (Los Angeles County Super. Ct. No. BA474528) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

Richard Lennon, under the appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven E. Mercer and Peggy Z. Huang, Deputy Attorneys General for Plaintiff and Respondent.

_____

Jose Zendejas appeals from the trial court's decision to revoke his probation and order execution of a previously suspended three-year prison sentence for attempted robbery. We affirm.

## PROCEDURAL BACKGROUND

On January 19, 2019, Zendejas attempted to steal beer three times from a 7-Eleven on Whittier Boulevard in Los Angeles. He threatened both the 7-Eleven clerk and police officers. Zendejas told the clerk, "Fuck you, let me go or I am going to kill you." When confronted by police officers, he said, "Fuck you, pigs, I know my rights, and I didn't do shit, don't fucking touch me or I will fuck you up, I'm from Wilmas gang." Zendejas continued to threaten that the officers "were going to get blasted by his homies and by him" as the officers arrested him. While in the patrol car, Zendejas kicked and damaged the car's window in an attempt to escape.

An amended information charged Zendejas with six counts: attempted robbery (Pen. Code, §§ 664/211); trespass by threat (§ 601, subd. (a)); two counts of criminal threats (§ 422, subd. (a)); misdemeanor vandalism (§ 594, subd. (a)); and misdemeanor attempted escape from arrest (§ 836.6, subd. (b)).[1] The information further alleged that Zendejas served a prior prison term (§ 667.5, subd. (b)), suffered two prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and suffered two prior serious felony convictions (§ 667, subd. (a)(1)). He pleaded no contest to attempted robbery pursuant to a plea agreement under which he would be placed on probation.

---

[1]     All further undesignated section references are to the Penal Code.

2

On June 20, 2019, when Zendejas was sentenced, former section 1203.1, subdivision (a) provided the term of felony probation generally could not exceed the maximum term of the sentence and, in cases where the maximum was less than five years, the term of probation could not exceed five years.  (Stats. 2010, ch. 178, § 75.)

The trial court sentenced Zendejas to the high term of three years in state prison, suspended execution of the sentence, and placed Zendejas on three years' probation.  The remaining counts and enhancements were dismissed.  In March 2020, after Zendejas admitted a probation violation for trying to obtain a firearm in violation of the no-firearm condition of his probation, the trial court reinstated probation.

On May 15, 2020, officers arrested Zendejas for an altercation with four police officers following a traffic stop.  He was charged with riding a bicycle in the wrong direction (Veh. Code, § 21650.1), operating a bicycle without a headlight (Veh. Code, § 21201, subd. (d)(1)), and resisting arrest (§ 148, subd. (a)(1)).  Although the record does not explain what appears to be an approximately eight-month delay, on February 9, 2021, the trial court revoked his probation, released Zendejas on his own recognizance and ordered him to return to court on March 2, 2021.  At the time, Zendejas had been on probation for almost 20 months.  In the interim, the Legislature had enacted legislation that limited the term of probation for most felony offenses to two years.[2]  (§ 1203.1, subd. (a).)

---

[2]     Effective January 1, 2021, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950) amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years. (§ 1203.1, subd. (a).)  Subdivision (*l*) of section 1203.1 lists certain

Zendejas failed to appear on March 2, 2021, and the trial court issued and held a bench warrant until March 5, 2021. The next day, on March 3rd, Montebello police officers were dispatched to Zendejas's family home after his parents reported that Zendejas had told them he had a gun. Officers arrested Zendejas for violating probation and found contraband on him during a search at the jail. The district attorney charged Zendejas with bringing a controlled substance into a custodial facility (§ 4573).

After several hearings were continued, on May 5, 2021, Zendejas, then in custody, appeared in court and admitted he had violated the probation condition that he obey all laws.[3] The violation was based on Zendejas resisting arrest in May 2020 and bringing contraband into the jail in March 2021. The prosecutor offered to dismiss the pending charges if Zendejas were sentenced to the three years in state prison the court had previously suspended. (The prosecutor ultimately did dismiss those charges.)

Zendejas asked the trial court to continue sentencing to consider his past performance while on probation and the circumstances of the probation violations. The court found Zendejas in violation of probation and continued the matter for sentencing. The court confirmed it had not made up its mind,

exceptions to the two-year probation limit, which are not present here.

[3] The probation violation hearing occurred over several months. Initially heard by Hon. Joan Chrostek, it was transferred to Hon. Victor Martinez. No claim of error is based on the matter being heard by two judges.

4

indicating "the question is do I reinstate probation, which in this case I would consider the new conduct related to whether I reinstate probation. But as to what sentence I impose, if I impose judgment, that's already been decided . . . ."[4]

At sentencing, Zendejas asked the court to follow the Probation Department's recommendation to send him to a six-month or year-long rehabilitation program. In a motion to reinstate probation, Zendejas affirmed the Los Angeles County Department of Mental Health court liaison had secured a bed for him at an intensive residential program. Although he had previously participated in an outpatient alcohol program and a DUI school program, Zendejas told the court that he expected a more comprehensive residential program would be successful. Zendejas argued he had reported to probation regularly, he was willing to participate in the rehabilitation program, and the factors specified in California Rules of Court, rule 4.414 weighed in favor of probation.

The prosecutor opposed, pointing out that Zendejas had an extensive, and increasingly violent, criminal record. She read into the record his juvenile adjudications and his adult convictions beginning in 1997. Included was a conviction for carjacking for which he was sentenced to eight years in prison. The prosecutor also noted that in March 2020 Zendejas had admitted a probation violation for failing to obey all laws. The court had revoked and reinstated his probation on that occasion. The prosecutor believed Zendejas presented a public safety issue

---

[4] Because the court imposed and suspended execution of the three-year sentence, it lacked authority to impose a different sentence if it decided to revoke, and not reinstate, probation. (*People v. Howard* (1997) 16 Cal.4th 1081, 1088.)

because he refused to cooperate with the police when they attempted to stop him for the 2020 traffic infractions and was forcibly restrained by several officers. The final straw, argued the prosecutor, was that on March 3, 2021, after his probation violation hearing had been scheduled, Zendejas was rearrested after his family told Montebello police officers that Zendejas punched walls, threatened his family, and said he had a gun.

The court denied Zendejas's motion to reinstate probation, citing two reasons for its decision. While acknowledging Zendejas appeared to be willing to address the cause of his problems at this stage of his life, the court found Zendejas had had an alcohol problem for years and had multiple opportunities to confront it but failed to do so. He had previously participated in a rehabilitation program without success and had declined other rehabilitation programs offered to him after convictions for driving under the influence.

The court's "other big problem" was that it had "no authority whatsoever to extend probation beyond the two-year maximum term that AB 1950 mandates," even if Zendejas agreed to extend his probationary term. The trial court determined it could not order Zendejas to a six-month program because his probation was set to expire the following month.

Defense counsel urged the court to extend probation beyond the two-year maximum imposed by AB 1950, arguing *In re Estrada* (1965) 63 Cal.2d 740 allowed only beneficial statutes to be retroactively applied.[5] Because AB 1950 in this circumstance

---

[5] *In re Estrada*, *supra*, 63 Cal.2d at page 740 held that amendatory statutes that lessen the punishment for criminal conduct are ordinarily intended to apply retroactively to cases not final on appeal.

would work to Zendejas's detriment, counsel argued it did not apply. The court disagreed, reasoning, "Sometimes the laws have that impact. In this case of Mr. Zendejas, I do not have that ability. And the point is it didn't hurt Mr. Zendejas. What hurt Mr. Zendejas was him violating his probation. That's what hurt Mr. Zendejas. What hurt Mr. Zendejas is him not addressing the problems earlier when he had multiple opportunities. That's what hurt Mr. Zendejas."

The court imposed the previously suspended three-year prison sentence and calculated Zendejas had served 556 days of actual custody. Zendejas appealed.

## DISCUSSION

The standard for revoking and either terminating or reinstating probation is well known. A trial court is authorized to revoke and terminate probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision, or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses." (§ 1203.2, subd. (a).) "In deciding whether to permanently revoke supervision, the judge may consider the nature of the violation and the defendant's past performance on supervision." (Cal. Rules of Court, rule 4.435(a).) The trial court should also consider what the defendant's violation "portend[s] for future conduct" and whether "he can conform his behavior to the parameters of the law." (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691; accord, *People v. Johnson* (1993) 20 Cal.App.4th 106, 110–111.)

We review a trial court's decision to revoke and terminate or reinstate probation for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443; *People v. Kingston* (2019) 41 Cal.App.5th 272, 278.) "When the record reveals that a defendant's violation of the terms of probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*Kingston*, at p. 278; accord, *People v. Bauer* (2011) 193 Cal.App.4th 396, 400–401 [no abuse of discretion to terminate probation for defendant with " 'abysmal' " probation record].)

Here, Zendejas admitted to two separate probation violations in the 20 months between his sentencing and the trial court's eventual decision not to reinstate probation. As to the violation in March 2020, the court reinstated probation and gave Zendejas the opportunity to comply with its terms and conditions. Zendejas failed to do so. Zendejas then again violated probation two months later: he fought with four officers when they attempted to stop him for riding a bicycle in the wrong direction and without headlights. Although the trial court indicated that Zendejas's motion to reinstate probation was "very persuasive," it ultimately declined to reinstate because of Zendejas's multiple probation violations and his repeated failure to address his alcohol problem despite several opportunities to do so. Given this record, the trial court did not abuse its discretion when it denied Zendejas's motion to reinstate probation.

We need not address whether the trial court erred when it cited to "the other big problem" — AB 1950 — in denying Zendejas's request for reinstatement of probation. Our reading of the record is that the court gave two independent reasons when it

denied reinstatement:  (1) Zendejas's behavior while on probation and his failure to address his alcoholism despite multiple opportunities to do so and (2) the two-year limit imposed by AB 1950.  We may affirm the trial court's ruling on either ground.

### DISPOSITION

The judgment is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR, J.